STATE OF INDIANA, EX REL. GEORGE V. COFFIN *v.* MARION CIRCUIT COURT. *

[No. 24,851. Filed January 16, 1925.]

1. ASSOCIATIONS.—Political parties are unincorporated associations made up of those who voluntarily act together for certain political purposes. p. 7.

2. ASSOCIATIONS.—In the absence of statutory regulation, a political party chairman has no rights except those conferred by the party's governing bodies. p. 7.

3. COURTS.—*Courts do not have jurisdiction of purely political party questions.*—It is not within the jurisdiction of the courts to pass upon questions of a purely political nature arising out of the administration of party affairs. p. 7.

4. COURTS.—*In absence of statutory or party regulation, courts not authorized to interfere with management of political parties.*—In the absence of a statute or party regulation conferring upon a city chairman specific authority to preside at a meeting for the purpose of

State, ex rel., *v.* Marion Circuit Court—199 Ind. 4.

reorganizing the city committee, the courts do not have jurisdiction to issue an injunction to restrain one designated by the state committee from presiding over such convention. p. 10.

5. PROHIBITION.—*Writ may issue forbidding circuit court to act in a purely political matter.*—A writ of prohibition may issue from the Supreme Court forbidding a circuit court to take any action in a suit pending therein seeking to enjoin a political party official from acting under authority of a resolution of the state committee, there being no statutory or party regulation to the contrary. p. 10.

Original action in the Supreme Court by George V. Coffin as relator seeking a writ of prohibition against the Marion Circuit Court forbidding it to take further action in a suit pending therein wherein Irving W. Lemaux, as Republican city chairman of the city of Indianapolis, sought to enjoin the relator, the county chairman, from presiding over a convention to be held for the purpose of reorganizing the city committee. *Writ granted.*

*Robinson, Symmes & Melson,* for relator.

*Ralph Kane, Emsley W. Johnson, Charles Roemler, James Ogden, William Bosson* and *Miller, Dailey & Thompson,* for respondent.

PER CURIAM.—A complaint was filed in the Marion Circuit Court to enjoin the relator, who is the Republican County Chairman of Marion county, in which the city of Indianapolis is situated, from acting in obedience to and under authority of a resolution of the Republican State Committee of the State of Indiana of date January 7, 1925 providing that on January 17, 1925, meetings of the Republican City Committees shall be held in the cities throughout the state, and that "in counties having only one city the county chairman shall open the meeting and preside until a city chairman is elected."

The relator has filed a petition setting out the pleadings in that action, and alleging that the circuit court is without jurisdiction in the matter, and asking for a

writ of prohibition forbidding its further action. Our knowledge of the facts in this case is derived exclusively from the verified petition of relator, which sets out a copy of the pleadings on which that case has been submitted to the circuit court. Attorneys representing the plaintiff in that action and the circuit court have appeared to this petition, and counsel for both sides have orally argued the questions involved.

Plaintiff in the action in the circuit court, Irving W. Lemaux, was elected chairman of the Republican City Committee of Indianapolis when it was last formally organized in January, 1921. He has not resigned nor has he been removed, nor has his successor been elected. Therefore, he alleges that he is still the chairman of the Republican City Committee and insists that, as such chairman, he has the right and power and is charged with the duty of appointing a place for the city committee to meet, calling it to order and presiding over its deliberations until it shall have chosen a new chairman.

Much has been said in argument as to whether he really is the city chairman after the lapse of four years and many changes in the personnel of the committee which elected him by reason of an intervening election in 1922, when precinct committeemen were selected in all the precincts of the city to succeed those who, being committeemen in 1921, elected him chairman. But, assuming for the purposes of the argument that Mr. Lemaux is still the city chairman, the question remains, whether or not he has any rights as such chairman which courts may enforce by a restraining order or injunction.

It is not shown by the pleadings in the court below nor otherwise that the city committee ever adopted any rules defining the powers, rights and duties of its chairman, nor that the state committee ever adopted any

rules assuming to fix the rights of the parties to this controversy, except the resolution under which it is alleged the county chairman intends to act.

Political parties are unincorporated bodies made up of those who voluntarily act together for certain political purposes. At common law, no special rights

1-3. of which the courts could take notice were conferred upon a person by reason of being chosen as chairman of such an association, except as given to him by its own rules and regulations. In the absence of any action by the party or its authorized governing bodies conferring such rights, a city chairman has none that a court can enforce except those conferred by statute. It is not within the jurisdiction of the courts to pass upon questions of a purely political nature, such as are now under consideration, arising out of matters not governed by any statute nor by any rule adopted by a governing body of the political organization from which it is claimed they are derived. *State, ex rel.,* v. *County Court* (1916), 78 W. Va. 168, 88 S. E. 662, 20 A. L. R. 1030, and authorities collected in notes on pp. 1035, *et seq.*

The only statute to which our attention has been called that touches on the rights and powers of a city chairman is found in Acts 1915 p. 359, as amended by Acts 1917 p. 354 (§7380 *et seq.* Burns 1926). By §7381, *supra* (§2 as amended), party machinery is fixed by the organization of "a state central committee, a congressional district committee, a county committee, a city committee, and a precinct committee." This statute further provides that, "The city committee shall be composed of the members of the county committee representing precincts in whole or in part in such city." But the state central committee is declared to be "the highest party authority and may, by proper rules, regulations or resolutions, provide for all matters of party

government which are not controlled by this act or by other statutes of the State of Indiana. Such rules, regulations or resolutions not to be in conflict with any law of this state." Furthermore, it is provided that, "Said state central committee shall also have power, in its own name, to maintain suits in mandamus to enforce obedience to its rules, regulations or resolutions, said suits to be commenced, prosecuted and tried in the circuit court of the county wherein the defendant resides."

Section 7382, *supra*, (§3), having to do with the organization of the various committees, provides that they "shall organize by electing a chairman, a secretary and a treasurer, and such other officers or sub-committees as they may deem necessary to perfect their organization."

By §7385, *supra*, (§6), it is provided as follows: "At one o'clock p. m. on the Saturday following their election, the precinct committeemen of each party coming under the provisions of this act shall meet at some place at the county seat, to be fixed by the retiring chairman, and shall organize the county committee by electing the officers required by this act. The state central committee of each political party coming under the provisions of this act *shall provide by proper rules, regulations or resolutions, for the organization of other committees herein provided for,* (our italics) which organization shall take place within thirty days after such primary, except the city committees of such parties, which shall be organized at any time not later than sixty days before the city primary, the time of such organization to be fixed by such state central committees, and to be uniform as to each party throughout the state, and said state central committees shall adopt proper and efficient rules for the government of each and all of such committees."

The above sections of the statute, so far as we are

informed, are the only ones pertinent to the questions for decision. They do not confer any specific authority upon the chairman of a city committee to preside at a meeting for the purpose of reorganizing that committee, and there being no rule or regulation assuming to authorize the city chairman to preside, and the state committee having taken affirmative action on the subject by adopting a rule that "in counties having only one city the county chairman shall open the meeting and preside until a city chairman is elected," under which the complaint in the circuit court alleged the defendant Coffin was threatening to act. These facts call in question that court's power to entertain a suit to enjoin obedience to that rule.

Counsel have referred us to that part of §7381, *supra,* relative to the right of the state central committee to enforce obedience to its rules, regulations or resolutions by mandamus proceedings, and then assert inferentially that it confers jurisdiction upon the court to entertain an action to prevent the enforcement of such a rule. The pending suit in the circuit court is not one to enforce or enjoin the enforcement of a rule of the state committee. It seeks to prevent George V. Coffin as county chairman from obeying a certain resolution without showing an equal or superior right in the plaintiff to perform the duties the state committee has deemed proper to enjoin upon the defendant Coffin, who, the complaint alleges, is assuming to act in violation of plaintiff's rights. The mere fact that the state committee might bring an action of mandamus to enforce its rules, regulations or resolutions does not operate to give the circuit court jurisdiction of a suit by one to enforce what he claims to be his political rights not shown to be authorized by any action of the state committee, city committee, or given by statute.

In the absence of any statute or any rule or regu-

lation of the city committee or state committee assuming to confer upon the city chairman a right to 4, 5. preside at the meeting of the city committee for the purpose of organization, the circuit court is without jurisdiction to decide, as between him and another who assumes to act under authority of a resolution of the state committee, which of them shall serve as presiding officer. It is therefore adjudged that a writ of prohibition shall issue to the Marion Circuit Court forbidding it to take any further action in the said suit by Irving W. Lemaux against George V. Coffin filed in said court on January 10, 1925.