STATE EX REL. FRY *v.* SUPERIOR COURT OF
LAKE COUNTY ET AL.

[No. 26,334. Filed June 30, 1933.]

*Philip Lutz, Jr.,* Attorney-General, *Edward Barce,* Assistant Attorney-General, and *Herbert J. Patrick,* Deputy Attorney-General, for the relators.

*Lester Otterheimer, Patterson & Thiel* and *Crumpacker & Frederick,* for respondents.

FANSLER, J.—This is a petition for a writ of prohibition, filed as an original action in this court, asking that the respondents be restrained from taking any further steps and making any further orders in Cause No. 41,540 in the Superior Court of Lake County at Hammond, and from enforcing a certain restraining order entered in said cause.

On the 16th day of May, 1933, John Tenkely filed a verified complaint against the relators in the court below, in which he alleged that the legislature in the session of 1933 passed an act entitled "An Act Concerning Alcoholic Beverages, and Declaring an Emergency" (Acts 1933, p. 492); that said act created the office of Excise Director of the state of Indiana, to which Paul Fry has been appointed; that said law authorizes the Attorney-General to maintain actions for injunctions in the name of the state concerning the subject matter of the act; that the act in question is unconstitutional and void for various reasons set out. That for many years he has been the owner of a building known as Columbia Hall, located in East Chicago,

Lake County, Indiana; that he has built up a large patronage at said premises; "that said patrons would, with their families, congregate at said premises and eat and drink, and of the beverages which they would drink, one of which was beer. That in owning and operating said premises, he has engaged in the business of importing, retailing and wholesaling non-intoxicating alcoholic beverages. That in the conducting and operating of said premises, he has invested in the same many thousands of dollars. That to maintain and conduct the said business under the law as it is now written, he does not have the means wherewith to procure licenses to operate the same, which law this petitioner maintains is invalid and that by reason of such invalid law, he is suffering a substantial injury by reason of the fact that he does not sell non-alcoholic beverages to his patrons, and that by reason of that fact, said patrons refuse to patronize said premises of this petitioner." He alleges that the defendants are threatening to arrest and prosecute him for violation of the act, and to collect license fees under the act. "That your petitioner in the conduct of his business proposes to import, retail and wholesale non-intoxicating malt and vinous beverages under the laws and constitution of the United States;" that he is threatened with arrest "by reason of the fact that said purported law also infers and attempts to direct legal notice to this petitioner that he shall not carry on said trafficing in beer and alcoholic beverages under the penalty of the alleged law;" that he has no full and adequate remedy at law, and he prays that the defendants be enjoined and restrained from interfering with him in the operation of his business.

On the same day a temporary restraining order was issued by the respondents, restraining the defendants from in any way attempting to enforce the provisions of the act in question, and from arresting or attempting

to arrest the plaintiff on the charge of violating the act, and from attempting to compel the plaintiff to comply with the act in regard to the payment of fees or licenses.

Relators seek a writ prohibiting the respondents from enforcing said restraining order or from making any further order, on the ground that there is no jurisdiction in a court of equity to enjoin criminal prosecutions or the enforcement of a criminal statute. A temporary writ was issued prohibiting the respondents from making any further orders, and citing respondents to appear and show cause why the writ should not be made permanent, and why they should not be prohibited from enforcing said order. Respondents filed what they denominated a demurrer to the petition.

It is said in *State ex rel. Kensinger* v. *Cox, Judge of Vigo Superior Court* (1923), 193 Ind. 519, 141 N. E. 225, 227:

> "No means has been provided for making up issues and holding formal trials in the Supreme Court. . . . In this court, an alternative writ should be framed commanding the trial court to do just what is believed to be its duty under the facts alleged, or to show cause why it does not do so, thus enabling the trial court to obey the command and end the matter, or to make a return of its reasons for not obeying."

The respondents should have made a return showing any reason in fact or in law why the writ should not be obeyed. In this case the writ is based upon the verified complaint of the plaintiff below and the temporary restraining order issued thereon. It is clear that no controversy could arise concerning the facts. The only question involved is the legal one as to whether the court below had jurisdiction. The so-called demurrer and memoranda, and briefs in support thereof, deal with that question and we will treat them as a return.

The only questions presented are whether the respondents had jurisdiction to issue the restraining order under the facts alleged, and whether, a court of equity being without jurisdiction of the subject matter, this court will prevent it exercising jurisdiction by a writ of prohibition.

In this action we are not concerned with the constitutionality of the statute which is questioned by the complaint below, nor are we concerned with the sufficiency of the complaint to state a cause of action. If the court below has jurisdiction of the subject matter, it has jurisdiction to determine the sufficiency of the complaint, and relators' remedy would be by appeal.

Writs of prohibition may issue out of this court to the circuit, superior or criminal courts of the state to restrain and confine such courts to their respective lawful jurisdiction. Section 1244, Burns 1926.

Respondents cite the case of *State ex rel.* v. *Gleason* (1918), 187 Ind. 297, 119 N. E. 9, in support of the proposition that, since courts of equity have general jurisdiction to grant injunctions, this court will not issue its writ of prohibition where jurisdiction of the person is shown. But in the opinion in *State ex rel. Coffin* v. *Superior Court of Marion County et al.* (1925), 196 Ind. 614, 149 N. E. 174, this court explained the opinion in the Gleason case as not being so broad as contended for in the light of the facts in that case, and laid down the rule, which is well supported by authority from other jurisdictions, that where a court of equity has no jurisdiction to issue injunctions and restraining orders in the particular class of cases, this court will intervene by writ of prohibition to prevent the exercise of jurisdiction in a case within that class. *State ex rel. L'Abbe et al.* v. *District Court* (1899), 26 Colo. 386, 58 Pac. 604, 46 L. R. A. 850; *State ex rel.*

*Kenamore* v. *Wood et al.* (1900), 155 Mo. 425, 56 S. W. 474, 48 L. R. A. 596, 50 C. J. 666.

Respondents cite the case of *State ex rel.* v. *Perry Circuit Court* (1933), 204 Ind. 673, 185 N. E. 510, on the proposition that the court below has jurisdiction to determine the sufficiency of the complaint, but in that case it was held that the court had jurisdiction of the subject matter, which is the very question involved here.

In the long recognized authority, High on Injunctions (4th Ed.), Section 68, it is said:

> "Since courts of equity deal only with civil and property rights, they will not interfere by injunction with criminal proceedings, having no jurisdiction or power to afford relief in such cases. Jurisdiction over such actions is conferred upon courts especially created to hear them and, with few exceptions, it is beyond the power of equity to control or in any manner interfere with such proceedings by injunction. . . . So equity will not interfere by injunction to restrain municipal officers from the prosecution of suits for the violation of city ordinances, such proceedings being of a quasi criminal nature, since equity will not interfere with the execution of the criminal law, whether pertaining to the state at large, or to municipalities, which are agents in the administration of civil government. . . . If, however, the act concerning which an arrest or criminal prosecution is threatened affects civil property and its enjoyment, in protecting the property right, equity may properly enjoin the criminal prosecution. But in such case its interference is founded solely upon the ground of injury to property and the necessity of preserving property rights. And where such rights are not clearly involved, the relief will be denied."

The text is well supported by authority, among which are: *In re Sawyer* (1888), 124 U. S. 200, 8 S. Ct. 482, 31 L. Ed. 402; *Davis & Farnum Mfg. Co.* v. *Los Angeles* (1903), 189 U. S. 207, 23 S. Ct. 498, 47 L. Ed. 778; *State ex rel. Kenamore* v. *Wood et al., supra.*

The language of some of the decisions has led text writers to state the rule to be that equity has no jurisdiction to enjoin criminal prosecutions or the operation of criminal statutes *except* in certain cases, but we believe the true rule to be that equity has no jurisdiction in such matters in any case. It has, however, jurisdiction to protect property rights by injunction where the petitioner has no adequate remedy at law, and where the injunction for the protection of property rights *incidentally* involves restraining and enjoining criminal prosecutions or the enforcement of a criminal statute this fact will not destroy the jurisdiction. Where one seeks injunctive relief, involving the enjoining of criminal prosecutions or the operation of a criminal statute, he must show that such relief is but incidental and that the basis of his action is the protection of a property right. *State ex rel. L'Abbe et al.* v. *District Court, supra; State ex rel. Kenamore* v. *Wood et al., supra.*

We will not examine the complaint for the purpose of determining whether it states a cause of action, but we will examine the complaint and the restraining order for the purpose of determining whether the subject matter is within the jurisdiction of the court, and whether the court acted within its jurisdiction. Examining, first, the restraining order, we find that the property rights of the plaintiff are not referred to in any manner, and that the order only operates to restrain the defendants, all in their official capacity as officers of the state of Indiana, from attempting to enforce the provisions of the act of the general assembly of the state of Indiana entitled "An Act Concerning Alcoholic Beverages and Declaring an Emergency" (Acts 1933, ch. 80, p. 492, §§3696-1—3696-41, Baldwin's Ind. St. Supp. 1933, and from arresting or attempting to arrest the plaintiff on the charge of vio-

lating the Act; and from attempting to compel him to comply with the provisions of the Act in regard to the payment of license fees.

The law makes the fees in question a purely personal charge, and failure to pay them can form no basis, either in law or in equity, of a proceeding against the plaintiff's property or business. The state's only remedy provided by the statute, in the event of failure to pay the fees, is an indictment or affidavit in the court having jurisdiction over the criminal case, which would not affect, injure or interfere with the plaintiff's business or property to any other or different extent than an affidavit or conviction for assault and battery, or an action at law to collect the fees. It is true that the act in question provides that the Attorney-General may bring an action to enjoin the operation of the plaintiff's business as a nuisance, but such an action would be cognizable in a court of equity, and it is clear that while the restraining order does enjoin the Attorney-General from filing such an action in a court of equity, there was no jurisdiction so to do.

It has been said that an action against officers of a state, in their official capacity, to enjoin them from bringing an action in the name of the state and on behalf of the state, is an action against the state itself, notwithstanding it is not named as a party and that, therefore, there is no jurisdiction in a court of equity to enjoin since the state can not be sued without its consent. *Ex parte Ayres* (1887), 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216; *Fitts* v. *McGhee* (1899), 172 U. S. 516, 19 S. Ct. 269, 43 L. Ed. 535.

From an examination and analysis of the authorities, it appears to be the rule that courts of equity have no jurisdiction to enjoin actions at law by a state, but that they have jurisdiction to enjoin officers who, under color of authority of unconstitutional

or void legislation by the state, are guilty of personal trespasses, wrongs, infringements or encroachments upon the property of an individual in violation of his constitutional rights, and that a criminal action is not of itself such an invasion as affects property rights notwithstanding the necessity of a defense and the threat of frequent indictment, which is not the kind of multiplicity of action which will give a court of equity jurisdiction. *Fitts* v. *McGhee, supra.*

The case of *State ex rel. Kenamore* v. *Wood, supra,* was an original petition in the Supreme Court of Missouri, for a writ of prohibition to arrest further action by a circuit court in a suit to obtain a perpetual injunction against the relator as state beer inspector, to restrain him and his deputies from taking any steps whatever to carry out the enforcement of an act of the legislature creating the office of inspector of beer and malt liquors, providing for their inspection, and for certain fees. The court, after an exhaustive discussion of the authorities, issued the writ. The plaintiffs in that case, as the basis of their action, alleged that the Act was unconstitutional and void; that the enforcement of the Act would work an irreparable injury on the plaintiffs and their business. They alleged all of the injury claimed in plaintiff's complaint, and more, and that they were without an adequate remedy at law. The court held that since the statute did not pretend to create a lien or to otherwise directly affect the plaintiff's property, and that since the only damage that might result to the plaintiffs was that they be required to defend actions which might be brought against them, an injury to their property was not shown and that, therefore, the lower court had no jurisdiction to entertain the action. In such a case the right to defend against the prosecution on the ground of unconstitutionality of the statute is an adequate remedy, and the fact that there may be

frequent indictments is not sufficient to confer jurisdiction. *Fitts* v. *McGhee, supra.*

A distinction is made between criminal statutes of a state and ordinances of a municipality, which are said to be quasi criminal. Where a municipality by ordinance seeks to divest a person of a vested right conferred under a former ordinance, or where by the pretended enforcement of a penal ordinance it is sought to destroy the property of a person or his vested rights therein, a court of equity has jurisdiction to intervene, and this court so held in the case of the *City of Rushville* v. *Rushville Natural Gas Company* (1892), 132 Ind. 575, 28 N. E. 853, 15 L. R. A. 321. But some such circumstances directly affecting vested property interests must appear, even in case of a municipal ordinance, or the court will have no jurisdiction to intervene. The cases upon the subject are well and clearly distinguished in the case of *Paulk* v. *City of Sycamore* (1898), 104 Ga. 24, 30 S. E. 417, 41 L. R. A. 772, 69 Am. St. Rep. 128. The case involved a city ordinance prohibiting the manufacture and sale of intoxicating liquor, and is very similar to the case at bar.

The respondents cite cases from this court and from Michigan as sustaining the position that there is jurisdiction to grant the restraining order and restrain the enforcement of the statute. The Michigan authorities concede the rule to be as we have announced, but they are in conflict as to whether facts such as shown in the instant case are sufficient to show an invasion of property rights.

We have already noticed the case of the *City of Rushville* v. *Rushville Natural Gas Company, supra.* It appears that the city of Rushville had by ordinance granted the gas company the right to use its streets, alleys and other public grounds for laying pipe and doing other necessary work, and that the company had

accepted the franchise and expended a large sum in constructing its plant. That afterwards the city enacted another ordinance imposing additional conditions and restrictions upon the company, and prescribing penalties for its violation, and providing for a bond before use of the public ways. The company could not avoid prosecution by obeying the ordinance without great property loss and a breach of its contract with customers, and signing a bond which involved an acquiescence in the terms of the second ordinance. The court held that the grant of the franchise under the first ordinance created vested rights in the gas company which the second ordinance sought to invade and that, therefore, a court of equity had jurisdiction.

The case of *Davis* v. *Fasig* (1891), 128 Ind. 271, 27 N. E. 726, was an appeal from an action brought by the appellee against the mayor and other officers of the city of Terre Haute, to enjoin them from hearing or determining or prosecuting any action to recover penalties under an ordinance of the city requiring saloons to be closed from eleven o'clock P. M. till five o'clock A. M., upon the theory that the ordinance was unconstitutional. The complaint is not set out in full and we can not tell what allegations of damage to the property of the plaintiff it contained. It was presented in this court by appeal and not by an action for a writ of prohibition. The question of the constitutionality of the ordinance was fully considered upon its merits, and the restraining order was dissolved upon the ground that the enactment was constitutional. All that is said upon the jurisdictional question is:

"We cannot agree with counsel that a court of equity may not in a proper case enjoin the enforcement of city ordinances to prevent a multiplicity of actions. It has been held that where an ordinance is void, any party whose interests are to be injuriously affected thereby may go into a court of equity

and have its enforcement stayed by injunction. *Mayor, etc.* v. *Radecke* (1878), 49 Md. 217, 33 Am. Rep. 239."

The statement of the law, while not as broad as it might be, cannot be said to be erroneous. If the case is a proper one and the interests which are alleged to be injuriously affected, are property interests and they are directly affected, the statement is correct. But the court did not say that in the case under consideration the facts alleged were sufficient to show jurisdiction, nor do they discuss the case from that standpoint, but were content to decide it upon the merits.

In *Glendale Coal Company* v. *Douglas, Prosecuting Attorney* (1923), 193 Ind. 73, 37 N. E. 615, 616, the court said: "The sufficiency of the averments as to plaintiff's property rights and the necessity for an injunction to avoid a multiplicity of actions is not challenged, and we consider only the main question."

The case involved a statute regulating the employment of miners and shot firers, and it was alleged that its enforcement would interfere with the contractual relations between the mining company and its employees; it thus was one which might have been treated as involving a multiplicity of civil actions involving contractual relationship.

In the case of *Schmitt, etc.* v. *F. W. Cook Brewing Company* (1918), 187 Ind. 623, 120 N. E. 19, 3 A. L. R. 270, which is not cited by the respondents, the appellee brewing company had obtained an injunction against the superintendent of police of the city of Evansville preventing the enforcement of the prohibition law (Acts 1917, p. 15). The case came to this court on appeal, and not by petition for a writ of prohibition. Townsend, J., in the opinion, said: "No question is raised as to the jurisdiction of a court of equity, and, owing to the alleged property rights and to avoid a multiplicity of actions, the cause will be considered."

In other words, there was some question in the mind of the court as to the jurisdiction of equity although it was not raised by the appellant. It will be noted that the court used the word "alleged" in connection with property rights. The allegations concerning the invasion of the property rights of the brewing company are not set out, but we can imagine them to be much stronger than in the case at bar.

The complainant below alleges that his customers drank beer, and that he was engaged in the business of handling "non-intoxicating alcoholic beverages," and that he does not have the means wherewith to procure licenses, and that he is "suffering substantial injury by reason of the fact that he does not sell non-alcoholic beverages to his patrons." "That your petitioner in the conduct of his business proposes to import, retail and wholesale non-intoxicating malt and vinous beverages under the laws and constitution of the United States," and that the Act amounts to notice "that he shall not carry on said trafficking in beer and alcoholic beverages under the penalty of the alleged law."

We take official notice of the constitution and statutes of the United States and of this state, and that prior to some time early in the year 1933 it was unlawful to traffic in beer containing an alcoholic content of more than one-half of one per cent. We must assume, therefore, that the allegations of the complaint are meant as an allegation that until the repeal of the former law, and for many years theretofore, the plaintiff was engaged in selling beverages within the law, and that the beer to which he referred was what is generally known as "near beer," and that, as alleged, he has discontinued the sale of that beverage. The Act of Congress was amended to permit trafficking in alcoholic beverages with an alcoholic content not exceeding three and two-tenths per cent, and the statute

of this state prohibiting traffic in beverages containing an alcoholic content exceeding one-half of one per cent was repealed, and immediately thereafter the Act, the constitutionality of which is questioned by the complaint, was enacted, permitting traffic in beverages not illegal under the Act of Congress under certain conditions.

It is clear from the allegations of the complaint that the property right which is alleged to be invaded by the act, is not the right to sell beverages containing less than one-half of one per cent, but the right to sell beverages with an alcoholic content not exceeding three and two-tenths per cent, in which business the plaintiff proposes to engage. In other words, because he had been engaged in trafficking in what is commonly known as "near" beer, he asserts that his property rights will be invaded if he is not permitted to engage in traffic in "real" beer, a business in which he had no legal or vested right to engage and in which he had not engaged prior to the enactment of the legislation of which he complains.

If he had alleged that he had built up a business of trafficking in beverages having an alcoholic content of less than one-half of one per cent; and that he desired and intended to continue in the same business of selling beverages with an alcoholic content of not more than one-half of one per cent; and that the law in question sought to prevent him from continuing in that business, and that the law was unconstitutional, we would be confronted with the question of whether or not mere threats to prosecute criminal actions are an infringement upon property rights, and whether a right to sell such beverages is a vested right.

But the complaint seeks to enjoin prosecutions, and the restraining order does enjoin prosecutions for acts involved in selling beverages containing a greater alco-

holic content than one-half of one per cent; in the sale of which the plaintiff was not engaged, and in the sale of which he had no investment or property rights, or rights of any kind, and in the business of selling which he is only proposing to engage if the restraining order is granted.

In order to authorize the issuance of an injunction to protect a business or occupation, it is essential for the complaint to show an established business; the mere fact that he is willing to engage in such business is not enough. *Van Der Plaat* v. *Undertakers' & Liverymen's Association et al.* (1905), 70 N. J. Eq. 116, 62 Atl. 453; 32 C. J. 156.

Even if the complaint below had alleged that the plaintiff was still engaged in the business of selling beverages with an alcoholic content of less than one-half of one per cent; we doubt if the alleged threats of prosecution would be a sufficient showing of injury to property to give jurisdiction to a court of equity to enjoin criminal prosecutions upon the ground of unconstitutionality. But since the complaint seeks to enjoin prosecutions for engaging in the business of selling beverages, both malt and vinous, containing an alcoholic content of more than one-half of one per cent; and not exceeding three and two-tenths per cent; and since it affirmatively appears that he is not in such business, but is only proposing to engage therein in the event the restraining order permits him so to do without fear of prosecution, we hold that there is no property right or interest shown to be jeopardized, and that there was no jurisdiction in equity to restrain prosecutions under the act.

Any operator of any refreshment stand, who was engaged in purveying "near beer," can state as good a cause of action for injunctive relief as is stated here. The confusion and utter embarrassment to the law-

enforcement agencies of the state, which would result from one-half of the purveyors of beverages operating regardless of the statute and immune to arrest or the payment of license fees and excise tax, under the protection of restraining orders and injunctions, and the other half conforming to the law, is obvious. Only by leaving the decision of the question to the courts of law, whose function it is to determine the constitutionality of criminal statutes, can orderly government be maintained. Courts of equity have no jurisdiction to bring about such confusion except upon a clear showing of unavoidable and irreparable injury to property rights.

The writ of prohibition heretofore issued is made permanent, and the relators, the Superior Court of Lake County, Indiana, and E. Miles Norton, Judge pro tempore of said court, sitting in Hammond, Indiana, are prohibited from enforcing the restraining order heretofore entered in Cause No. 41,540 of said Lake County Superior Court, in which John Tenkely is plaintiff, and Paul Fry, as excise director of the State of Indiana, Lillian M. Holley, sheriff of Lake County, Indiana, Robert G. Estill, prosecuting attorney of the 31st judicial circuit of the State of Indiana, Philip Lutz, Jr., Attorney-General of the State of Indiana, Edward Barce, assistant Attorney-General of the State of Indiana, Herbert J. Patrick, deputy Attorney-General of the State of Indiana, Frank Phillips, deputy Attorney-General of the State of Indiana, Stanley Bucklind, chief of police of the city of Gary, Indiana, Nick Makar, chief of police of the city of East Chicago, Indiana, Clay Collins, chief of police of the city of Whiting, Indiana, and Thomas B. Martinson, chief of police of the city of Hammond, Indiana, are defendants; and from making any further orders in said cause.