STATE EX REL. ZELLER, SHERIFF, ET AL. *v.* MONTGOMERY CIRCUIT COURT.

[No. 28,097.   Filed July 19, 1945.]

*James A. Emmert,* Attorney General, *Cleon H. Foust,* First Deputy Attorney General, and *Winslow Van Horne* and *Karl J. Stipher,* Deputy Attorneys General, for relator.

*Lutz, Johnson & Lutz,* of Indianapolis, for respondents.

STARR, J.—This is an original action brought by the State of Indiana, on the relation of Harold M. Zeller, as Sheriff of Montgomery County, Indiana, and others, against Montgomery Circuit Court, Montgomery County, Indiana, and Howard A. Sommer, as Judge of said court, to obtain a writ of prohibition. The petition asks that the respondents be restrained from taking any further steps in cause number 28204 now pending in the Montgomery Circuit Court and from enforcing the restraining order theretofore entered therein. This court issued its temporary writ of prohibition and required respondents to show cause why such writ should not be made permanent.

One Eldon B. Riggs is the plaintiff in said cause 28204, and the relators herein are the defendants. The verified complaint therein alleges that on September 20, 1944, plaintiff was granted a permit under the laws of the State to conduct a business as a beer wholesaler of alcoholic malt beverages for a period of one year from November 15, 1944; that he was and still is qualified to conduct said business under said permit and for which he paid a license fee of $1,000; that he has carried on said business in Montgomery County for the last 12 years under permits of the State and is now in said business. Plaintiff further alleges that in order to carry on said business he has made a large financial investment in property used by him in the business and has large stocks of goods on hand. That by ch. 357 of the Acts of the General Assembly for the year 1945, particularly § 11½ thereof, plaintiff's said permit was "arbitrarily, without cause, and without notice or hearing" canceled and declared null and void after May 1, 1945; that said act is unconstitutional and of no force, and the defendants are threatening him with arrest and prosecution under the provisions of said act; that he has no adequate remedy at law and he prays that the defendants be enjoined and restrained from interfering with him in the operation of his business as a beer wholesaler operating under his said permit, and that said act be declared unconstitutional.

A temporary restraining order was issued by the respondents restraining the defendants from interfering with the plaintiff in the operation of his business as a beer wholesaler or from in any way denying or interfering with his rights under his said permit issued to him by the Alcoholic Beverage Commission on September 20, 1944.

Relators in seeking this writ contend that the Circuit Court of Montgomery County has no jurisdiction in this case, and advance the following reasons for said contention:

First, that there is no property right involved, as said permit is not property, and a court of equity has no jurisdiction of an action when property rights are not involved and the sole purpose is to test the constitutionality of a statute.

Second, that in issuing the restraining order said court was interfering with the enforcement of the criminal laws of the State of Indiana.

Third, that this is a suit against the State of Indiana without its consent. Art. 4, Sec. 24, Constitution of Indiana.

As was said in *State ex rel.*

(1943), 221 Ind. 572, 574, 49 N. E. (2d) 538, "It is well and firmly established that the jurisdiction and power of courts of equity to issue restraining orders is limited to the protection of civil and property rights." Section 2, ch. 237, of the Acts of the General Assembly for the year 1941, under which respondent obtained his said permit, specifically provides, "That no person shall be deemed to have a property right in any permit issued hereunder, nor shall said permit itself or the enjoyment thereof be considered a property right." This provision is substantially enacted in the present law. Acts 1945, ch. 357, § 11. Had not these provisions been enacted, still such permit would not have been a property right. Our court has consistently held that a license to sell alcoholic beverages is not property. *State ex rel.* v. *Marion Circuit Court, supra; Schmitt, etc.* v.

*F. W. Cook Brewing Co.* (1918), 187 Ind. 623, 120 N. E. 19.

In the case of *Moore* v. *The City of Indianapolis* (1889), 120 Ind. 483, 491, 22 N. E. 424, 427, this court said: "It is, however, abundantly settled that a license or permit issued in pursuance of a mere police regulation has none of the elements of a contract, and that it may be changed, or entirely revoked, even though based upon a valuable consideration. Cooley Const. Lim., 5th Ed., p. 343. A license issued under the law regulating the sale of intoxicating liquors has neither the qualities of a contract nor of property, but merely forms a part of the internal police system of the State. *Metropolitan Board* v. *Barrie,* 34 N. Y. 657. No one can acquire a vested right in a mere statutory privilege so as to bind the State, or to prevent a change of policy as the varying interests of society may require. Cooley Const. Lim., 5th Ed., p. 473."

Some intimation is made in plaintiff's complaint that he will suffer damages to his going business due to the fact that he has operated same over a period of years and has a large investment therein. This cannot avail him. "No provision of our Constitution has been pointed out which forbids the passage of laws to protect health, morals, or welfare of the people in connection with the traffic in intoxicating liquor, even though such laws destroy previously recognized property without paying for it. That the liquor traffic is within the police power of the state no one denies. When this is admitted, there must follow the power to take such steps as are reasonably suitable to carry out this purpose." *Schmitt, etc.* v. *F. W. Cook Brewing Co., supra,* at p. 626.

There being no civil or property rights involved, plaintiff cannot question the constitutionality of this

act, as he would have a complete and adequate remedy at law, for if arrested and prosecuted he could defend on the ground that the law is unconstitutional, if such is the case. As was said in *State ex rel. v. Marion Circuit Court, supra,* at p. 574, "If the order attempting to revoke the license is invalid and void, the privilege of selling continues without the intervention of any court, by injunction or otherwise. If law enforcement officers bring criminal proceedings upon the ground that the license has been legally revoked when it has not been so revoked, the defendant has a complete and adequate remedy at law in his defense that he was selling under a license which was in legal effect."

Plaintiff's suit is an attempt to question the constitutionality of a statute where no property rights are involved, which cannot be done. Respondents in issuing said restraining order were enjoining the operation of our criminal statutes and the enforcement of the criminal law. Neither can this be done. Judge Fansler, in stating the opinion of this court in the case of *State, ex rel. Fry v. Superior Court of Lake County* (1933), 205 Ind. 355, 362, 186 N. E. 310, 313, said, "The language of some of the decisions has led text writers to state the rule to be that equity has no jurisdiction to enjoin criminal prosecutions or the operation of criminal statutes *except* in certain cases, but we believe the true rule to be that equity has no jurisdiction in such matters in any case. It has, however, jurisdiction to protect property rights by injunction where the petitioner has no adequate remedy at law, and where the injunction for the protection of property rights *incidentally* involves restraining and enjoining criminal prosecutions or the enforcement of a criminal statute this fact will not destroy the jurisdiction. Where one seeks injunctive re-

lief, involving the enjoining of criminal prosecutions or the operation of a criminal statute, he must show that such relief is but incidental and that the basis of his action is the protection of a property right." See *State ex rel. L'Abbe, et al.* v. *District Court* (1899), 26 Colo. 386, 58 P. 604, 46 L. R. A. 850; *State ex rel. Kenamore* v. *Wood, et al.* (1900), 155 Mo. 425, 56 S. W. 474, 48 L. R. A. 596.

The cases of *Fitts* v. *McGhee* (1899), 172 U. S. 516, 19 S. Ct. 269, 43 L. Ed. 535, and *Ex Parte Ayres* (1887), 123 U. S. 443, 8 S. Ct. 164, 31 L. Ed. 216, are leading cases to the point that the plaintiff's action is against the State. In our opinion these cases have been somewhat modified by the case of *Ex Parte Young* (1907), 209 U. S. 123, 52 L. Ed. 714, but due to the fact that no property rights are involved in plaintiff's case and that respondents' action is an attempt to interfere with the enforcement of the criminal law, we need not determine whether this is a suit against the State.

Respondents have suggested that the writ should not issue in this case as the Montgomery Circuit Court had jurisdiction of the subject-matter of the action and of the parties, citing *State ex rel. Harkness, et al.* v. *Gleason, Judge, et al.* (1918), 187 Ind. 297, 119 N. E. 9. With this we cannot agree. The court must also have jurisdiction of this particular class of cases, which it has not. *State ex rel. Coffin* v. *Superior Court of Marion County, et al.* (1925), 196 Ind. 614, 149 N. E. 174; *State ex rel. Fry* v. *Superior Court of Lake County, supra; State ex rel. Kunkel, et al.* v. *Circuit Court of LaPorte County* (1936), 209 Ind. 682, 200 N. E. 614.

The temporary writ of prohibition heretofore issued is made permanent.

Note.—Reported in 62 N. E. (2d) 149.

## DISSENTING OPINION

RICHMAN, C. J.—I do not dissent from the result reached in this case, namely, the denial of injunctive relief against criminal prosecutions. My criticism is of the method by which the result is reached. The majority follow a precedent, *State ex rel. Fry* v. *Superior Court of Lake County* (1933), 205 Ind. 355, 186 N. E. 310, and cases based thereon. Certain principles found therein may be restated as follows:

A court of equity will not enjoin criminal prosecutions. A court of equity will protect certain property and civil rights even though that protection requires that criminal prosecutions be enjoined. A license to sell beer is not such a right as will be so protected.

With all this I agree. The complaint in respondent court appears on its face to allege no greater or different right than the right to sell beer under an annual license. Respondent therefore should have denied the restraining order requested in the complaint. Likewise relators' motion to dissolve should have been sustained. In both of these instances respondent erred. The remedy for error is appeal, not prohibition. Herein is found the basis for my dissent.

A court of equity has the power to do many things which it ought not do. Prohibition deals with jurisdiction in the strict sense of power to hear and decide. A court of equity ought not give relief when there is an adequate remedy at law. But the court with jurisdiction of the parties and the subject matter has power to determine in the particular case whether there is an adequate remedy at law. If the court errs the error is corrected on appeal. In the Fry case and the case at bar the court of equity had jurisdiction of the subject matter and of the parties. The subject matter was the protection of property or civil rights by injunction even

against criminal prosecution. The court therefore had the power to hear and decide whether in the particular case there existed such a property or civil right as justified such protection. The court erred. But there was no appeal. Instead the defendants came to this court to prevent the trial court's further exercise of its power and to override its prior rulings.

We called this course a "short cut" in *State ex rel. Allison* v. *Marion Municipal Court* (1944), 222 Ind. 603, 56 N. E. (2d) 493, and refused to go that way. More recently in *State ex rel. Emmert, Attorney General, et al.* v. *Hamilton Circuit Court, et al., ante,* p. 418, 61 N. E. (2d) 182, we again refused the "short cut." On this point there is no valid distinction between those cases and the case at bar.

It is said now that the beer dealer's complaint shows clearly that no protectable property right is alleged and that by no amendment can one be alleged. But there may come a complaint not so clear. When that happens and the defendant asks this court for prohibition shall we decide the sufficiency of the complaint or refuse to do so, saying that is the trial court's function. If the former, we shall have converted the Supreme Court into a *nisi prius* court contrary to the spirit of the Constitution. If the latter, we shall have to say the present case and its predecessor, the Fry case, are exceptions to the rule. How shall we define the exceptions?

In the Hamilton Circuit Court case we were so much concerned with keeping unperverted the function of a writ of prohibition that we devised a remedy by appeal when theretofore none was thought to exist. This course is here unnecessary. A restraining order procured without notice should continue only until the parties are in court for preliminary hearing on the question of a temporary injunction. It is unthinkable that a judge will

without notice tie the hands of law enforcement officers longer than necessary to get them into court even though he doubts the constitutionality of the statute under which they are proceeding. They may waive process and appear almost instanter. If the purpose of the plaintiff, as here suggested, was merely to test the constitutional validity of the statute, the court should have resolved any doubts in favor of the act. But whether a temporary injunction be denied or granted, in either event an immediate appeal lies under the thirteenth clause of § 4-214, Burns' 1933. The time consumed in briefing is substantially the same in prohibition as on appeal. Pending an appeal from the granting of a temporary injunction there can be no prosecutions for violations of the penal statute. A writ of prohibition stays enforcement of the restraining order and permits such prosecutions while this court is reaching its conclusion. This difference in the immediate effect of the two remedies to me appears of insufficient weight to turn the scales against the orderly procedure of appeal. The argument is one of expendiency not of logic. We may not forget that after hearing the trial court upon reflection might decide that a temporary injunction should not issue. And with this decision the plaintiff might be content, thus avoiding the expense and delay of review in this court.

Not long ago we refused to recognize as a ruling precedent an earlier decision of this court made in evident distrust of the judicial discretion of a trial judge. *Bolton v. State, ante,* p. 308, 60 N. E. (2d) 742, 745. By the majority opinion herein, founded on the Fry case, we perpetuate the same kind of error of which we accused' our predecessors on this bench. The remedy for unwise or erroneous decisions of *nisi prius* judges is not to usurp their powers. I think this is an improper use of

the extraordinary writ of prohibition. We should get back to the sound rule of *State ex rel.* v. *Gleason* (1918), 187 Ind. 297, 119 N. E. 9. The Fry case and later cases based thereon should be overruled in so far as they conflict with the views herein expressed and the temporary writ of prohibition heretofore issued should be dissolved.

Note.—Reported in 62 N. E. (2d) 152.

### DISSENTING OPINION.

GILKISON, J.—I concur in the dissenting opinion of Richman, C. J., and respectfully add my own thoughts as follows:

It is relators' contention that the respondent court and its judge are without jurisdiction of the subject matter and the parties in the injunction suit. Other contentions are presented that, in my opinion, are not germane to this original action and hence will not be considered.

It is provided by statute, § 3-2201, Burns' 1933, that this court may issue writs of prohibition to restrain and confine circuit courts to their lawful jurisdiction. The same statute authorizes circuit courts and the judges thereof to grant restraining orders and injunctions.

The merits of the injunction suit pending in the respondent court is not before us. To speak of its merits would be to indulge in *dicta*—and therefore not in point. It would be otherwise if the case were before us on appeal. The only question before us is whether the respondent court and judge have jurisdiction of the subject matter of the action and of the parties thereto. We are not now concerned with the nature of the rulings made.

Relators rely upon *State ex rel. Fry v. Lake Superior Court* (1933), 205 Ind. 355, 186 N. E. 310, and other cases following that decision. These original actions

were considered by this court as though on appeal and, on the theory that since the respondents had made an erroneous decision in granting a restraining order, they were without jurisdiction in the cases.

I am unable to follow this line of thought. The duty to decide necessarily carries with it the possibility of error. The possibility of error or even its certainty does not affect the court's jurisdiction. Once properly acquired jurisdiction remains and is not affected or influenced by errors committed. If errors are committed, such may be reviewed and corrected on appeal. Errors committed, save the single error of usurping jurisdiction, are reviewable *only* on appeal.

In *State ex rel Fry* v. *Lake Superior Court, supra,* I think this court was in error in inferentially holding that the superior court was without jurisdiction to issue a restraining order, because the action was against the state. An action to enjoin state law enforcement officers is not an action against the state requiring state consent. Nor does the issuance of a restraining order when in the opinion of this court none should have been issued, destroy or affect the jurisdiction of the court. This court has no jurisdiction to issue a writ of prohibition because it believes a *nisi prius* court might make an erroneous order as in *State ex rel. Freed* v. *Martin Circuit Court* (1938), 214 Ind. 152, 14 N. E. (2d) 910. This court ingeniously found a novel jurisdiction a court must possess —jurisdiction of the particular case—in order to protect it from the coercive power of prohibition. See *State ex rel. Kunkel* v. *La Porte Circuit Court* (1936), 209 Ind. 682, 200 N. E. 614.

This line of cases began with the *State ex rel. Fry* case in 1933 and continued for a dozen years. They mark a period in the development of the law of prohibition in Indiana. Under the cloak of liberalism and expedience,

in interpreting the law of prohibition, this court engaged in the usurpation of jurisdiction and power it did not possess. The continued exercise of a usurped power can never mature it into law. But its continued exercise may deceive even lawyers, judges and statesmen. The first erroneous decision having been made, other similar actions were filed and similar erroneous decisions were made and these errors are now cited as precedent for action in this case. Laws based on error cannot endure, and this unfortunate situation should be corrected now.

The jurisdiction thus usurped by this court belongs to the *nisi prius* courts and should be restored to them. The evil effect of government by usurpation was nicely expressed by a revered American statesman thus:

> "But let there be no change by usurpation; for though this in one instance, may be the instrument of good, it is the customary weapon by which free governments are destroyed. The precedent must always overbalance in permanent evil any partial or transient benefit which the use can at any time yield."

It is the precedence of these erroneous decisions that is torturing us now, and causing my dissent.

I do not think our authority to issue writs of prohibition should be liberalized or extended. We should not use it as a substitute for appeal. We should not use it to supervise or direct proceedings in *nisi prius* courts. The idea of so using it belongs to a recent period. I am unable to entertain it. It cannot endure as a part of the law of our state.

My dissent is based on a matter of procedure. I think the questions attempted to be presented in this action may be considered only on appeal, and that it is of vast importance to the judiciary of the state that they should be considered regularly and orderly. The cases relied upon—*State ex rel. Fry* v. *Superior Court, supra,* and

similar cases are based upon a usurped jurisdiction by this court. They should be overruled. Orderly procedure in our courts requires such action. The difference between proceeding orderly by appeal and by a writ of prohibition is the difference between government under the Constitution and laws of the state and government by usurpation. Our court should be eager in its opposition to usurpation from any source, and it should be fervent in its support of the Constitution and laws.

Our *nisi prius* courts should feel secure from usurpation or oppression from any source, but especially from this court. This security they have under our Constitution and laws—when properly administered. We should have confidence in their integrity and ability, and should feel that they will not intentionally commit error. No matter how obvious the facts may be in this action, I am unwilling, by dicta, to offer any suggestions to the trial court. The facts that impress me may likewise impress it. In any event its decision can be reviewed and if necessary, corrected on appeal.

The rules governing our jurisdiction in prohibition writs are well stated in *State ex rel. Harkness* v. *Gleason* (1918), 187 Ind. 297, 119 N. E. 9. We should follow that authority in this case. Since the respondent judge had complete jurisdiction of the subject matter and of the parties, the temporary writ of prohibition should be dissolved and the permanent writ should be denied.

Note.—Reported in 62 N. E. (2d) 153.