STATE OF INDIANA ON RELATION OF PADGETT ET AL. AS MEMBERS OF DEMOCRATIC CAMPAIGN FUND COMMITTEE *v.* VANDERBURGH CIRCUIT COURT, REEVES, JUDGE, ETC.

[No. 29,424. Filed November 20, 1956.]

*John G. Bunner* and *William H. Miller*, of Evansville, for relators.

No appearance by respondents.

LANDIS, C. J.—Relators have filed in this court verified petition for writ of prohibition against respondent court from which the following facts appear.

On May 4, 1956, one Fred Bosse filed in respondent court on behalf of himself and certain other candidates a complaint for injunction against relators as members of the Democratic Campaign Fund Committee asking that relators be restrained from publishing or distributing a certain slate of candidates in the Democratic Primary election to be held in Vanderburgh County, Indiana, on May 8, 1956. Respondent court on said 4th day of May 1956, issued summons, notice and a temporary injunction restraining relators from publishing said slate and set hearing on the temporary injunction for May 7, 1956. Relators on May 5, 1956, filed petition for writ of prohibition in this court asserting that respondent court was without jurisdiction, and asking that respondent court be enjoined from enforcing said temporary injunction and making any further orders in the case. We issued the alternative writ as prayed for and gave respondent twenty days in which to show cause why the writ should not be made permanent. Respondent has not filed return to the writ nor made any showing to this court since the alternative writ was issued.

It is well settled that courts of equity are without jurisdiction to try disputed questions concerning rights that are purely political, and such courts will not interfere in the purely political activities of political party organizations, a writ of prohibition being available to forbid the enforcement of an injunction with reference to such matters. See: *State ex rel. Mar. Co. Dem. Com.* v. *Sup. Ct. Mar. Co.* (1938), 214 Ind. 322, 15 N. E. 2d 379; *State ex rel. Blaize* v. *Hoover, Judge* (1936), 210 Ind. 215, 2 N. E. 2d 391; *State ex rel.* v. *Marion Circuit Court* (1925), 199 Ind. 4, 145 N. E. 883.

In view of the failure of respondent to file return to the writ, we conclude he has confessed error as it is respondent's duty to show in his return any reason in

fact or in law why the writ should not be made permanent. See: *State ex rel. Fry* v. *Superior Court of Lake County* (1933), 205 Ind. 355, 186 N. E. 310; *State ex rel. Wolfal etc.* v. *Rush C. C. et al.* (1955), 234 Ind. 650, 130 N. E. 2d 460.

The alternative writ of prohibition heretofore issued is made permanent.

Achor, Arterburn, Bobbitt and Emmert, JJ., concur.

NOTE.—Reported in 138 N. E. 2d 143.