[No. 26723. *En Banc.* March 25, 1938.]

ACME FINANCE COMPANY, *Respondent,* v. HARRY C. HUSE, *as Director of Licenses, et al., Appellants,* THOMPSON SECURITIES COMPANY, *Respondent,* J. HURWITZ, *Respondent and Cross-appellant.*[1]

*The Attorney General* and *Geo. G. Hannan, Assistant,* for appellants.

*Bogle, Bogle & Gates, Ray Dumett,* and *George F. Kachlein, Jr.,* for respondent Acme Finance Company.

*Mifflin & Mifflin,* for respondent Thompson Securities Company.

*Stern & Stern,* for respondent and cross-appellant.

*Bartlett Rummel, Carkeek, McDonald & Harris, Beverly S. Wilkerson, Wright, Jones & Bronson, H. E. T. Herman, Robert R. Pence, Grinstead, Laube & Laughlin, Arthur Grunbaum,* and *Patrick A. Geraghty, amici curiae.*

ON PETITION FOR CLARIFICATION.

PER CURIAM.—A petition has been filed in this court praying for an extensive clarification of the opinion in the above entitled case, as hereinbefore published in 192 Wash. 96, 73 P. (2d) 341, upon the ground that the opinion is likely to be so construed as to prevent the future enactment by our legislature of a small loan act of the general character now in force in a number of our sister states.

We think that this fear is unwarranted. Upon an analysis of the opinion, it will be at once realized that, while, nominally, the court had before it an act providing for the licensing and regulating of the business of making loans under three hundred dollars, four sections of the act had been vetoed and eight other sections rendered entirely inoperative as a consequence of the veto, so that there remained for the court's consideration only a general law relating to usury, making it a crime to contract for interest of more than twelve per cent per annum on loans under three hundred dollars, and wholly exempting numerous classes of lenders from its operation. In other words, the decision in no way relates to the constitutionality of a small loan act, but only to the constitu-

[1]Reported in 77 P. (2d) 595.

tionality of a general criminal statute. It is assumed as a matter of course that the decision will not be invoked as a precedent except in cases of a similar nature.

The petition for clarification is accordingly denied.

HOLCOMB and BLAKE, JJ. (dissenting)—In order that the *per curiam* opinion, said to be a "clarifying" opinion, may not be considered by the public as the unanimous opinion of this court, for the reasons stated in our dissent to the original opinion in 192 Wash. 96, 73 P. (2d) 341, we still register our dissent.

One phase of the original opinion not noticed by us in our dissent is that relating to the vetoes by the governor of §§ 3, 4, 6 and 12. The majority say that "his veto of those sections, as will be later seen, rendered a number of other sections completely inoperative."

The governor is a part of the legislative machinery of the state. His veto of those sections was no more important than had the same sections been eliminated on the final passage of the act.

In our opinion, as stated in our dissent, the remainder of the act was operative and should be sustained as a reasonable and salutary exercise of the police power of the state.