DOYLE ET AL. *v*. CLARK ET AL.

[No. 27,683.   Filed June 3, 1942.]

SHAKE, J.—This appeal undertakes to present the question of the constitutionality of that part of § 4 of the 1941 amendment to the Alcoholic Beverage Act which purports to make it unlawful for the proprietor of any drug store, grocery store, or confectionery who is the holder of a beer dealer's permit "to offer or display for sale, or sell, barter, exchange or give away any bottle, can, container or package of alcoholic malt beverages which was iced or cooled by such permit holder before or at the time of such sale, exchange or gift." § 4, ch. 237, Acts 1941, § 12-510, Burns' 1933 (Supp.), § 3764-11 Baldwin's Supp. 1941. By § 2 of said act the Alcoholic Beverage Commission of Indiana is authorized to require the removal or destruction of any and all containers, apparatus or devices used or

intended to be used in avoiding or violating said act. § 12-402, Burns' 1933 (Supp.), § 3764-6, Baldwin's Supp. 1941; and the violation of the provision quoted above is made punishable by §11-A, ch. 197, Acts 1937, § 12-922, Burns' 1933 (Supp.), § 3764-42a, Baldwin's Supp. 1937.

The appellants are the State of Indiana, the excise administrator, the members of the Alcoholic Beverage Commission, the sheriff and prosecuting attorney of Marion County, Indiana, and the chief of police of the City of Indianapolis who were named as defendants. The appellees are holders of beer dealer's permits. The issues were formed on a second amended complaint in 2 paragraphs, the first of which sought an injunction against the enforcement of the aforementioned part of § 4 and the second a declaratory judgment to the effect that the same was void. The appellants demurred separately to each paragraph of the second amended complaint for want of jurisdiction and insufficiency of the facts alleged. The demurrer to the first paragraph was sustained and that to the second overruled. The appellees refused to plead further as to the first paragraph and suffered judgment to go against them on their application for an injunction. They have assigned cross-errors on this ruling. Issues were formed and the cause tried on the second paragraph of amended complaint. The evidence was stipulated and the court found for the appellees and entered a judgment declaring that part of § 4 under attack to be void. A motion for a new trial asserting that the decision of the court was not sustained by sufficient evidence and that it was contrary to law was subsequently overruled. The appellants have assigned error on the overruling of their demurrer to the second paragraph of the second

amended complaint and on the overruling of their motion for a new trial.

Passing for the moment the cross-errors relating to injunctive relief, the first proposition for consideration is whether the constitutionality of a penal statute may be determined under the Declaratory Judgments Act, § 3-1101 et seq. Burns' 1933, § 438 et seq. Baldwin's 1934. The language of the act is broad enough to admit of such an action and if it will not it must be on account of the fact that a court of equity will not ordinarily entertain a proceeding to enjoin the enforcement of a penal statute. This rule is subject to an exception in favor of a declaratory proceeding to test the validity of a criminal statute which affects one in his trade, business, or occupation, though such an action will not operate to stay the enforcement of the statute during the pendency thereof. *Moresh* v. *O'Regan* (1936), 120 N. J. Equity 534, 187 A. 619; reversed on other grounds (1937), 122 N. J. Equity 388, 192 A. 831, 194 A. 156. *Erwin Billiard Parlor* v. *Buckner* (1927), 156 Tenn. 278, 300 S. W. 565. In view of the provision of the Alcoholic Beverage Act giving the administering board authority to seize and destroy property used in violation thereof, we are of the opinion that the court below had jurisdiction of an action for a declaration as to the validity of § 4.

The appellees assert that the part of § 4 which purports to make it unlawful for a permit holder to deal in beer cooled by him is so indefinite and uncertain as to render it void. To emphasize their point they ask several ingenious questions; namely, whether the provision would be violated by one who in warm weather kept beer in an air-conditioned room or outside a heated place of business in cool weather; whether a permit holder might make use

of a mechanical device designed to maintain cooled beer at the temperature at which it was received; or whether he might with impunity enter into an arrangement with an independent contractor to ice his beer? As supporting their views the appellees rely on *Frank* v. *Kluchesky* (1941), 237 Wis. 510, 297 N. W. 399. In that case the Supreme Court of Wisconsin held invalid for uncertainty a provision of a statute in many respects similar to ours which confined certain licensees to the sale of "unrefrigerated" beer. It was pointed out that all beer is refrigerated at some time or another in the process of manufacture and that as a practical matter one licensee might violate the law for doing what another might lawfully do. On the other hand, our act does not relate to the condition of the product sold but rather to the conduct of the person selling. We are of the opinion that the phrase "iced or cooled by such permit holder before or at the time of such sale" etc. is not indefinite and there need be no uncertainty as to what is prohibited.

Finally, the appellees urge that § 4 is bad from the standpoint of classification in that it unlawfully discriminates in favor of other permit holders who are authorized by the act to dispense beer, iced or cooled by them. The question for us to determine, therefore, is whether we can find a reasonable basis for the classification adopted by the Legislature. We think we can. It is to be noted that the class to which the appellees belong is composed of the operators of grocery and drug stores and confectionery shops, while those who are permitted to dispense beer prepared for immediate consumption are proprietors of taverns and retailers of intoxicants. The sale of beer may, therefore, be regarded as merely incidental so far as the appellees are concerned, while it is the principal

business of those who are apparently favored. No stretch of the imagination is required to conclude that the sale of beer prepared for immediate consumption is likely to promote rather than discourage its use on the premises or in the vicinity thereof. It is not uncommon for parents to send their children on errands to grocery and drug stores for merchandise regarded as necessities and many of them have an aversion to their children visiting places where intoxicants are consumed. The Legislature may have concluded that the public welfare would be served and public morals protected by confining, in so far as practicable, the sale of potable beer to places well known to be dispensaries thereof. This may be debatable but we are not judges of legislative policy. It is sufficient that there is reasonable justification for the classification adopted. In view of the conclusions reached it is unnecessary to consider the appellees' assigned cross-errors.

The judgment is reversed. Since the facts are not in dispute, a new trial is unnecessary. The court below will, therefore, enter a declaratory judgment to the effect that the part of § 4 of chapter 237, Acts 1941, which is the subject of this action, is not open to the objections urged against it.

NOTE.—Reported in 41 N. E. (2d) 949.