DEPARTMENT OF STATE ET AL. *v.* KROGER GROCERY & BAKING COMPANY.

[No. 27,794. Filed February 2, 1943.]

*Omer S. Jackson, George N. Beamer* and *James A. Emmert,* Attorneys General, *Thomas Longfellow, James K. Northam, Walter O. Lewis, C. Ballard Harrison,* and *Frank Hamilton,* Deputy Attorneys General (*Claycombe & Stump,* of Indianapolis, of counsel), for appellants.

*Jackiel W. Joseph* and *Theodore R. Dann,* both of Indianapolis, for appellee.

SHAKE, J.—The appellee sought and obtained from the Superior Court of Marion County, Room No. 2, a declaratory judgment to the effect that certain described vitamin tablets which the appellee was engaged in selling at retail in its grocery stores were accessory food factors and did not contain any chemical, drug, or medicine which was poisonous; and that the sale of such tablets by the appellee was not subject to the provisions of the Acts of 1899, Chapter 108, as amended, or Acts of 1927, Chapter 40, §§ 63-1101 to 63-1212,

Burns' 1933, §§ 13275 to 13307, Baldwin's 1934. Said acts regulate the sale of poisonous drugs, create the board of pharmacy and define its duties, provide for the licensing of registered pharmacists and the issuance of permits to operate drug stores, pharmacies, pharmacy departments, and apothecary shops. Both acts provide penalties for the violation thereof.

On appeal to the Appellate Court of Indiana the judgment was affirmed. 40 N. E. (2d) 371, 41 N. E. (2d) 952. The transfer to this court was granted under § 4-215, Burns' 1933. Subsequent to the transfer, oral argument was heard at which it was suggested that counsel submit supplemental briefs on the question of whether an action of this character is maintainable under the Declaratory Judgments Acts, § 3-1101 et seq., Burns' 1933, § 438 et seq., Baldwin's 1934. Such briefs were filed.

It has been declared by this court that there is no jurisdiction in equity to restrain criminal prosecutions or the operation of criminal statutes, though injunctive relief will not, for that reason, be denied where the basis of the action is the protection of a property right and the operation of a criminal statute is but incidental thereto. *State ex rel. Fry* v. *Superior Court of Lake County* (1933), 205 Ind. 355, 186 N. E. 310; *State ex rel. Egan* v. *Superior Court of Lake Co.* (1937), 211 Ind. 303, 6 N. E. (2d) 945.

No property rights are here involved, and a short answer to the question before us is that a declaratory judgment determining that the appellee was not subject to the provisions of the statute cited would not be a bar to a criminal prosecution for a violation thereof; nor would a declaration to the contrary be available in such a prosecution as an adjudication of the facts in issue.

Reversed with directions to the trial court to enter an order setting aside the judgment and dismissing the action for want of jurisdiction.

NOTE.—Reported in 46 N. E. (2d) 237.