BRYARLY, ET AL. *v.* STATE OF INDIANA, ET AL.

[No. 28,970.  Filed March 31, 1953.]

*James P. Murphy, Robert A. Buhler* and *Chester A. Lincoln,* all of Fort Wayne, for appellants.

*J. Emmett McManamon,* Attorney General, *Norman J. Beatty* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

GILKISON, J.—Appellants brought this action in the Noble Circuit Court under the Uniform Declaratory Judgments Act, §§3-1101 to 3-1116 inclusive, Burns' 1946 Replacement, seeking to have §10-703 Burns' 1942 Replacement declared unconstitutional.

Appellees' demurrer to the complaint was sustained, and appellants refusing to plead further, judgment was rendered against them, that they take nothing by their complaint, and that they pay the costs. From this judgment the appeal is taken. The assigned errors question only the ruling on the demurrer to the complaint.

The complaint alleges that each of the appellants is now charged in the Noble Circuit Court by affidavit in two counts, the first charging second degree burglary and the second charging the possession of burglar tools or implements by an ex-convict, with intent to commit the crime of burglary. It is further charged that each defendant filed and presented his motions to quash the affidavit and each count thereof, which motions were overruled. It is averred that §10-703 Burns' 1942 Replacement is unconstitutional and void as violative of Art. 1, §19 and Art. 4, §20 of the Indiana Constitution and §1 of the Fourteenth Amendment of the United States Constitution.

The first question presented is, whether or not the position of appellants entitle them to the remedial benefits of the Uniform Declaratory Judgments Act? Since an answer to this question will be definitive of the appeal, we shall direct our attention to it alone.

The statute gives courts of record power to declare rights, status, and other legal relations, either affirma-

tive or negative in form and effect, (§3-1101 Burns' 1946 Repl.), for any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise. (§3-1102 Burns' 1946 Repl.). The act is remedial; its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and is to be liberally construed and administered. (§3-1112 Burns' 1946 Repl.)

It has been held that there is nothing in §3-1112 Burns' 1946 Replacement, indicating an intention to modify, change, or supplant the remedies or procedure by which executory or coercive judgments are obtained, and that the word "remedial" is applied to those statutes which give a new remedy or which are intended to supply some defects or abridge some superfluities of the common law.

Further it has been held that §§3-1101 and 3-1103 Burns' 1946 Repl. *supra* are intended to supply some defects in our code and to authorize courts to declare the rights and relations of parties whether other relief is or could be claimed or not. The statute cannot be interpreted as intended to abolish the well known causes of action, or designed to furnish an additional remedy where an adequate one existed before. It was intended to furnish a full and adequate remedy where none existed before, and was not intended for use, and should not be resorted to, where there is no necessity for a declaratory judgment. *Brindley* v. *Meara* (1935), 209 Ind. 144, 149, 198 N. E. 301.

So far as the parties have presented the matter to us, and so far as we have found. it has not been determined

in any jurisdiction that a defendant in a criminal case, after having received an adverse decision on a motion to quash the charge against him, may then bring an action under the Uniform Declaratory Judgments Act to have the court again pass upon the constitutionality of the statute upon which the prosecution is based, in order to have his rights, status and other legal relations determined. In the cases that have been before the courts in declaratory judgments proceedings to determine the construction or validity of criminal statutes or ordinances, the courts have not attempted to say whether the validity, construction and application of such statutes are a proper subject for declaratory judgments generally. It has been held that where the plaintiff has a legal property interest that may be affected adversely by the enforcement of a criminal statute, he may maintain an action under the Declaratory Judgments Act to determine the validity of the statute in protection of his property right, or property or property status. *Dept. of Financial Inst.* v. *General Finance Corp.* (1949), 227 Ind. 373, 380, 86 N. E. 2d 444, 10 A. L. R. 2d 436; *Acme Finance Co.* v. *Huse* (1937), 192 Wash. 96, 73 P. 2d 341, 77 P. 2d 595, 114 A. L. R. 1345; *Socony-Vacuum Oil Co.* v. *City of New York* (1936), 247 App. Div. 163, 287 N. Y. S. 288. *Dun & Bradstreet, Inc.* v. *City of New York* (1937), 276 N. Y. 198, 11 N. E. 2d 728; *Local 26, Natl. Bro. of Op. Potters* v. *City of Kokomo* (1937), 211 Ind. 72, 5 N. E. 2d 624; *Medias* v. *City of Indianapolis* (1939), 216 Ind. 155, 165, 23 N. E. 2d 590; *LaFranchi* v. *City of Santa Rosa* (1936, Cal. App.), 52 P. 2d 558 (reversed on other grounds); *Little* v. *Smith* (1927), 124 Kan. 237, 257 Pac. 959, 57 A. L. R. 100 and annotation p. 105. For instructive cases, see also Annotations 12 A. L. R. 52, 57 et seq.; 19 A. L. R.

1124, 1132; 50 A. L. R. 42, 51; 68 A. L. R. 110, 126; 87 A. L. R. 1205, 1232; 114 A. L. R. 1227, 1237, and 129 A. L. R. 751.

So far as indicated by the cases noted and many others cited in the annotations, persons having a property interest that may be affected by a statute defining a crime, that is *mala prohibita* only, may have their status, rights and other legal relations with reference to such statute determined by an action under the Uniform Declaratory Judgments Act. In such an action the plaintiff must allege his property interest, status or other legal relations that will be affected by the statute and the same may be determined and adjudged. If in making such determination the court finds such statute unconstitutional either in whole or in part, such finding is merely incidental. *Doyle et al.* v. *Clark et al.* (1942), 220 Ind. 274, 41 N. E. 2d 949, and cited·cases (Reversed on other grounds); *Dept. of State* v. *Kroger Grocery & Baking Co.* (1943), 221 Ind. 44, 46, 46 N. E. 2d 237, and cases cited; Anderson Declaratory Judgments, §§342, 343, pp. 816, 820 inclusive. See also, *Commonwealth* v. *Adams* (1873), 114 Mass. 323, 19 Am. Rep. 362; Borchard Declaratory Judgments, 2d Ed. 1030, 2 Anderson, Actions for Declaratory Judgments, 2d Ed., §624, p. 1436, §644, p. 1471.

However, we have found no authority for bringing an action under the Uniform Declaratory Judgments Act to determine the rights, status and other legal relations of a party with respect to a criminal statute defining a crime that is *mala in se*.[1] Bor-

1. "The question of appropriate forum cannot be answered by a generalization which would cover all cases. It would be no imposition on equity to take notice of the distinction between (a) the business man's difficulty in steering a legitimate course among a maze of prohibitory laws and (b) crimes and offenses

chard Declaratory Judgments, 2d Ed., Anti-Gambling Statutes, pp. 1030 to 1034 inclusive.

The complaint affirmatively shows that in their separate motion to quash the second count of the affidavit, each of the appellants contended that §10-703 Burns' 1942 Replacement is unconstitutional, invalid and void, for the reasons that it violates Art. 1, §19 and Art. 4, §20 of the Constitution of Indiana, and §1 of the Fourteenth Amendment of the Constitution of the United States. The contention is amplified by seven specifications. The trial court overruled the motion to quash. It thus appears that the appellants have each had the questions they seek to present in this action, fully determined by the trial court in the criminal actions.[2] Whether this determination was correct or not, we express no opinion; but it is final and effective upon the parties unless the question is saved, and is presented to this court upon an appeal after final judgments shall have been rendered in the criminal cases. The Uniform Declaratory Judgments Act may not be used as a substitute for appeal.

Moreover, we think the right, status or other legal relations which the Uniform Declaratory Judgments Act gives courts of record the power to declare, must be legal rights, legal statuses and as the statute puts it "other legal relations." Apparently, the criminal stat-

involving moral turpitude. . . ." Borchard Declaratory Judgments, 2d Ed., Function of equity, p. 1021.

2. "On the other hand, not every doubter of his rights under a law carrying a criminal penalty should be permitted to invoke the protection of a civil adjudication. If the District Attorney actually obtains an indictment or begins his prosecution, the rules of equity should limit the occasion for the court's exercise of its power of restraint, and the prosecuting officer must have considerable leeway in selecting the offense and offenders to be indicted. Where the prosecution is imminent but not yet begun, equity exercises more latitude in protecting property or a business against the impending prosecution. . . ." Borchard Declaratory Judgments, 2d Ed., Conditions of Seeking Declaration, p. 1022.

ute assailed by the complaint does not limit any legal right of either appellant.

Finding no error in the record the judgment of the trial court is affirmed.

NOTE.—Reported in 111 N. E. 2d 277.