INDIANA ALCOHOLIC BEVERAGE COMMISSION *v.*
DEETS, ETC.

[No. 19,546. Filed January 15, 1962. Rehearing denied
March 6, 1962. Transfer denied June 12, 1962.]

*Edwin K. Steers*, Attorney General, and *John E. Hirschman*, Deputy Attorney General, for appellant, Indiana Alcoholic Beverage Commission and Members thereof.

*Joseph F. Quill.* and *John G. McNutt*, both of Indianapolis, for appellant, Paul Stoner and others similarly situated.

*Max C. Shirley, Ralph L. Helms, Shirley & Helms, G. Richard Ellis* and *Ellis & Kinsey*, all of Kokomo, for appellee.

KELLEY, P. J.—Appellee, operator of a package liquor store under and pursuant to a liquor dealers' permit, allegedly Class *"B"*, issued by the appellant, Indiana Alcoholic Beverage Commission, hereinafter referred to as the Commission, alleging that the latter had refused to permit him to offer or display for sale alcoholic malt beverages, which were "iced or cooled" by him before or at the time of the sale thereof, instituted this proceeding as a class action, seeking a declaratory judgment of "the effect, if any," of the provisions §4, Ch. 237, Acts 1941, being §12-510, Burns' 1956 Replacement, upon which the Commission allegedly relied as the basis for its said refusal, upon the provisions of §§1 and 2, Ch. 207, Acts 1951, as amended by §1, Ch. 56, Acts 1953, being §§12-532 and 12-533, Burns' 1956 Replacement, and for a declaration of the "rights, status or other legal relations" of the parties "under the statutes" referred to.

Appellant Commission answered appellee's complaint by admission and denial, referring therein to appellee's permit as a "Class *A*" permit.

The trial court entertained the proceeding, heard evidence, and found for appellee on his complaint. The judgment entered by the court seems to be composed of some findings as to existence of the aforesaid statutes and two conclusions: (1) that the prohibition in said §4 of said Acts of 1941 (§12-510, Burns' 1956 Replacement) against the sale by permittees of iced or cooled alcoholic malt beverages "has no application" to the sale of said malt beverages by permittees licensed under the provisions of

said Ch. 207, Acts 1951, as amended by said Ch. 56, Acts 1953, §§12-532 and 12-533, Burns' 1956 Replacement; and (2) that '"under existing statutes" the sale by appellee and persons similarly situated of said malt beverages which have been iced or cooled at or before the time of sale "is not unlawful."

The appellant Commission apparently did not see fit to challenge the jurisdiction of the trial court to entertain and proceed in this particular case under the provisions of the Declaratory Judgments Act. However, although it is not usual for this court *sua sponte* to raise the question of the jurisdiction of the court over the particular action, yet, in view of our inability, as hereinafter more particularly expressed, in the type of proceeding here instituted, to render any kind of a determination of a conclusive character, it seems imperative, on this appeal, to primarily consider and dispose of the matter of such jurisdiction in this case. Here there is no challenge of the validity of any of the mentioned Acts nor any request for injunctive relief to restrain the operation of any criminal statute as incidental to the protection of a property right. The complaint simply alleges that the Commission contends that said §4 of Ch. 237 of the Acts of 1941 "applies" to appellee and that the latter "has to comply" therewith; that appellee "in all things deny and disagree with said contention of defendants with respect to the effect of said statutes and deny and disagree with defendants' construction thereof"; that said "construction of the said statutes" by the Commission is "illegal" as applied to appellee; and that "said construction of said statutes" by the Commission seriously and adversely affects appellee in his trade, business and occupation, and subjects appellee to pos-

sible statutory penalties and confiscation of his property.

In legal effect, appellee asks the court to declare the construction of said mentioned two statutes so that it may be determined whether his construction thereof or that adopted by the Commission is correct. The implication, of course, is, and must be, that if the prohibitory provisions of said §4 of the 1941 Act against the sale by a permittee of iced or cooled malt beverages do not apply to malt beverage permittees licensed under the provisions of the said 1951 Act as amended by §1, Ch. 56, of the Acts of 1953, then the Commission is without authority to deny appellee the privilege of selling such iced or cooled malt beverages.

Said §4, Ch. 237, Acts 1941, Burns' 1956 Replacement, §12-510, provides, in pertinent part:

"Beer dealer's permits for the sale of alcoholic malt beverages may be issued as hereinafter provided. Any person desiring to sell alcoholic malt beverages on the premises described in the dealer's permit, . . . shall make verified, written application . . . and the commission may, in its discretion, issue such dealer's permit, subject to the restrictions of this act. . . . In addition to all provisions of law relating to the holder of a beer dealer's permit, *it shall be unlawful for such permit holder to offer or display for sale, or sell, barter, exchange or give away any bottle, can, container or package of alcoholic malt beverages which was iced or cooled by such permit holder before or at the time of such sale, exchange or gift.*" (Italics supplied).

Said Ch. 207, Acts 1951 as amended by Ch. 56, Acts 1953, Burns' 1956 Replacement, §§12-532 and 12-533 contained no such provision.

Section 12-443, Burns' 1956 Replacement, provides:

"(a) No person shall be deemed to have any property right in any . . . beer dealer's permit, . . . nor shall said permit itself or the enjoyment thereof be considered a property right. (b) All . . . malt beverage retailer's permits and malt beverage dealer's permits *shall be issued, suspended or revoked in the absolute discretion and judgment of the commission. No court shall have jurisdiction of any action,* either at law or in equity, to compel the issuance of any such permit, or to *revoke, annul, suspend or enjoin any action, ruling, finding or order of the commission* suspending or revoking any such permit, and the consent of the sovereign state of Indiana is hereby expressly withdrawn and denied in any such action, either at law or in equity. (c) . . . ." (Italics supplied).

Section 12-402, Burns' 1956 Replacement, likewise provides that "no person shall be deemed to have a property right in any permit issued hereunder, nor shall said permit itself or the enjoinment (sic) thereof be considered a property right." Said section further provides that the Commission shall have the duty and power to "(3) . . . *prohibit or prescribe any practice for the business of any person holding a permit hereunder* . . . in keeping, holding, . . . handling, selling, giving away, . . . or possessing alcohol beverages, . . . ." (Our emphasis). The aforementioned statutes have been referred to in the quest of clarity of the position herein expressed.

The Declaratory Judgments Act, §3-1101, *et seq.,* Burns' 1946 Replacement, affords a statutory action predicated upon the provisions thereof and makes essential, as a basis of jurisdiction, that an actual controversy be presented, that is, a justiciable controversy or question, which is clearly defined and affects the *legal* rights, the *legal* statuses,

or the *legal* relationships of the parties having adverse legal interests. *Bryarly et al.* v. *State of Indiana et al.* (1953), 232 Ind. 47, 53, 111 N. E. 2d 277. The contest must disclose a substantial present interest in the relief sought in the initiator of the proceeding and must tender facts of a substantial nature which will warrant particular relief by way of a judgment of conclusive character. And the dispute must reflect more than a mere theoretical or moot question or an excursion for free advice where there exists no present existing real or actual controversy, or the ripening seeds of such a controversy. *Zoercher et al.* v. *Agler et al.* (1930), 202 Ind. 214, 221, 172 N. E. 186; *Owen* v. *Fletcher Savings & Trust Building Company* (1934), 99 Ind. App. 365, 373, 374, 189 N. E. 173.

It is evident in the action now before us that the real dispute appellee has attempted to lay before the court is not whether the prohibition against the sale of iced or cooled malt beverages contained in said §4 of said Act of 1941 is of present force and effect, but whether the Commission, alluding to said provision as a ground for its ruling, can refuse appellee the privilege of selling such iced or cooled malt beverage. The end really sought by this proceeding is that the court by construction of the two statutes referred to in appellee's complaint, declare, in effect, whether the Commission has legal justification for its said ruling. If such be not the true end reached for, then appellee has either pursued a vain endeavor or seeks advice as to what construction said statutes should receive.

It may be said, however, and we believe, with full juridical ratiocination, that whatever conclusion or determination we might deem to here express as to our interpretation or construction of said statutes

would be devoid of any legal vitality or significance. Such conclusion would possess no more judicial substance than that of a mere advisory effort. It would effectively adjudicate nothing and could not be properly pleaded or otherwise advanced in any proceeding as *res adjudicata* by either party hereto.

Were we, perchance, to reach a result favorable to appellee, neither this opinion nor the appealed from judgment of the trial court would constitute any ground warranting any court of competent jurisdiction to mandate the appellant Commission to grant appellee and other similar permittees the privilege of selling iced or cooled alcoholic malt beverages; or to enjoin said Commission from interfering with the sale by such permittees of said iced or cooled alcoholic malt beverages; or to enjoin said Commission from revoking or suspending the permits of said permittees for violation of its regulation or order forbidding the sale by them of such iced or cooled alcoholic malt beverages. *State ex rel. Indiana Alcoholic Beverage Commission* v. *Superior Court of Vanderburgh County et al.* (1951), 229 Ind. 483, 99 N. E. 2d 247; §12-443, Burns' 1956 Replacement.

As between the State of Indiana and such permittees for the sale of alcoholic malt beverages, there exists no property right by such permittees in or to any permit issued to them for the possession and sale by them of alcoholic malt beverages nor in the use thereof. Section 12-443, Burns' 1956 Replacement; *State ex rel. Indiana Alcoholic Beverage Commission* v. *Superior Court of Vanderburgh County et al., supra; Midwest Beverage Co., Inc.* v. *Gates, Governor et al.* (1945), Dist. Court N. D. Indiana, 61 F. Supp. 688, 689. And such permits are subject to

the absolute control and discretion of the Commission. Section 12-443, Burns' 1956 Replacement.

It would seem to follow, therefore, from our previous considerations that there is here presented for determination and declaration no such legal right, legal status or legal relation of the appellee, which is or could be affected by either of the said aforementioned statutes, as is made essential for jurisdiction of the court by the Declaratory Judgments Act. Section 3-1102, Burns' 1946 Replacement; *Bryarly et al.* v. *State of Indiana et al.* (1953), 232 Ind. 47, 50, 53, 111 N. E. 2d 277, *supra*.

We have found no provision of our Alcoholic Beverage Act which limits or denies, either affirmatively or negatively, the authority of the Commission, to which the regulatory powers were delegated by the Legislature, [§§12-402 and 12-432, *et seq.*, Burns' 1956 Replacement] in the exercise of its discretion as to the reasonable requirements for the public health, morals, and safety, to control and regulate the conditions and prohibitory limitations governing the sale of alcoholic malt beverages by package liquor store dealers operating under beer dealers' permits. And, on the ground that no property right is involved, our Supreme Court has held that trial courts have no jurisdiction to grant an injunction or restraining order against the Commission which would interfere with its granting or suspending a permit. *State ex rel. A. B. C.* v. *Sup. Ct. Vanderburgh Co.*, 229 Ind. 483, *supra; State ex rel. Zeller, Sheriff, et al.* v. *Montgomery Circuit Court* (1945), 223 Ind. 476, 62 N. E. 2d 149.

Granted the right and authority of the Commission to exercise control and regulation of the conditions and prohibitory limitations governing the sale of al-

coholic malt beverages by said permittees and observing the want of jurisdiction in the courts in cases such as this to interfere by restraining order or injunction with the granting or suspension of such permits by the Commission, it is passing clear that no jurisdiction resides in the court to attempt, under the cloak of a declaratory judgment, to indirectly interfere with said regulatory control of the Commission over the sale by said permittees of alcoholic malt beverages. Such a declaration, as we have before stated, would in no sense be of binding effect on the Commission, and its statutory authority in proper cases to suspend or revoke such permits for violation of its pertinent orders and regulations relative to such sales would remain unimpaired, unchanged and unlimited by such declaratory decree.

The conclusion, then, seems irresistible that no jurisdiction existed in the trial court in this case to entertain the herein declaratory judgment proceeding instituted by appellee.

This cause is remanded to the trial court with instructions to set aside and vacate its findings and judgment herein appealed from and to dismiss appellee's complaint for want of jurisdiction by the court of the subject matter of this particular action. *Department of State et al.* v. *Kroger Grocery & Baking Company* (1943), 221 Ind. 44, 46, 47, 46 N. E. 2d 237.

Bierly and Pfaff, JJ., concur; Gonas, J. Concurs with opinion.

### CONCURRING OPINION.

GONAS, J.—I concur in this opinion and would express the thought in addition to the matter of public health, morals and safety, that in our present state

of difficulties in the matter of juvenile delinquency it. should be apparent that the sale by package liquor stores of iced or cooled beer would have a deleterious effect upon the youth of our communities.

It is common knowledge that our greatest problem in our homes today is the preservation of the standards of our children including the shielding of them from temptation.

NOTE.—Reported in 179 N. E. 2d 217.