KING *v.* HARRIS, CHAIRMAN ET AL.

[No. 20,326. Filed December 15, 1965. Rehearing denied January 17, 1966. Transfer denied December 21, 1966.]

*Joseph F. Quill, John G. McNutt,* and *Joseph Sullivan,* all of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Frank M. Maley,* Deputy Attorney General, for appellees.

MOTE, J.—This is an appeal from the judgment of the Hamilton Circuit Court, dismissing Legal Paragraph I of appellant's complaint seeking a declaratory judgment in an action brought by appellant, Frank King, against the members of the Indiana Alcoholic Beverage Commission.

The appellant commenced this action in Superior Court No. 4 of Marion County by filing a complaint which, in part, sought a declaration that the prohibition against the sale of iced or cooled malt beverages by holders of beer dealers' permits, as provided in the Acts of 1935, ch. 226, § 11, p. 1056;

1941, ch. 237, § 4, p. 952, being § 12-510, Burns' 1956 Replacement, was of present force and effect with regard to package liquor store operators who, by the provisions of Sub-section C of the Acts of 1953, ch. 56, § 1, p. 179, being § 12-533, Burns' 1956 Replacement, are permitted to sell alcoholic malt beverages "upon application and receipt of a beer dealer's permit, as prescribed by law." In pertinent part, the above statutes are as follow:

Burns' Section 12-510 (Acts 1941, ch. 237, § 4, p. 952):

"* * * In addition to all provisions of law relating to the holder of a beer dealer's permit, it shall be unlawful for such permit holder to offer or display for sale, or sell, barter, exchange or give away any bottle, can, container or package of alcoholic malt beverages which was iced or cooled by such permit holder before or at the time of such sale, exchange or gift.

"* * *

"Said dealer's permits may be issued to the proprietor of any drug store, grocery, store, or confectionery, or to the proprietor of any store in good repute, in the judgment of the commission, which deals in such other merchandise that the sale of alcoholic malt beverages is not incompatible therewith, or likely to contravene, in the judgment of the commission, the policies and purposes of this act. * * *"

Burns' Section 12-533 (Acts 1953, ch. 56, § 1, p. 179):

"*12-533. Articles which may be sold by package liquor store dealers.*—In addition to the commodities which a package liquor store may sell under existing law, package liquor store dealers shall be permitted to sell the following:

  A.  Bar supplies used in the preparation for consumption of alcoholic beverages and in their consumption.

  B.  Tobacco Products.

  C.  Alcoholic malt beverages upon application and receipt of a beer dealer's permit, as prescribed by law, including the payment of the sum of two hundred dollars [$200] in cash, if such dealer's application applies to premises situated within a city of the first or second class, or one hundred fifty [$150] if such

application applies to premises situated within an incorporated or unincorporated town or city having a population of less than thirty-five thousand [35,-000] according to the last preceding decennial census of the United States; and such alcoholic malt beverages shall be, in bottles only, or in such containers only as specified by the alcoholic beverage commission, and no sale thereof shall be made by the drink, or for consumption upon the premises described in the application for such permit; likewise, no delivery of said alcoholic malt beverages by such dealer, or on his behalf shall be made on the street or at the curb, but such dealer may make delivery of alcoholic malt beverages on such licensed premises or to the home of any customer in bottles or in such containers as are permissible under the rules and regulations of the alcoholic beverage commission in a quantity not to exceed forty-eight [48] pints at any one [1] time."

In his said complaint for declaratory judgment, the appellant averred that he is engaged in the restaurant business in the City of Seymour, Indiana; that coincidental thereto he has spent large sums of money on fixtures and equipment, that he is the holder of a beer retailer's, wine retailer's, and liquor retailer's permit (three-way permit) to sell alcoholic beverages, and has installed and owns certain fixtures and appliances peculiar to the retailing of alcoholic beverages on his premises.

The complaint further alleges that the 1941 amendment of Section 11 of the Alcoholic Beverages Act of 1935 provides that it shall be unlawful for the holder of a beer dealer's permit to sell iced or cooled beer. The complaint further alleges that the 1953 amendment of Section 2 of the Alcoholic Beverages Act, as quoted above, added Sub-section C which, in substance, authorized package liquor store dealers "upon application and receipt of a beer dealer's permit" to sell alcoholic malt beverages "as are permissible under the rules and regulations of the Alcoholic Beverage Commission." The complaint further alleges that the Alcoholic Beverage Commis-

sion, pursuant to the provisions of said Sub-section C, issued Bulletin No. 149 which provided that, from and after August 1, 1963, certain package liquor store dealers would be authorized to sell cold beer for off-the-premises consumption.

Said Bulletin No. 149, omitting the formal parts, reads as follows:

"SUBJECT:   SALE OF COLD BEER BY PACKAGE LIQUOR STORE DEALERS

Pursuant to a petition presented to the Indiana Alcoholic Beverage Commission relative to the sale of cold beer by package liquor store dealers in the State of Indiana, the Indiana Alcoholic Beverage Commission has fully considered all facts, circumstances, and statutory provisions with respect to the authority of package liquor store dealers to sell cold beer.

On and after the 1st day of August, 1963, it will be the policy of the Indiana Alcoholic Beverage Commission that package liquor store dealers will be authorized to sell cold beer for consumption only off said package store premises provided that such package liquor store dealer is located in a metropolitan area which, in the discretion of the Commission, is such as to afford full and adequate opportunity to police the sale of such cold beer and thereby protect the health, safety, and welfare of the people of the state of Indiana.

The above and foregoing authorization is applicable only to those persons or firms holding a valid package liquor store dealers permit issued by the Indiana Alcoholic Beverage Commission."

The appellant's said complaint alleges, also, that an actual controversy exists between the appellant and the appellees as the Alcoholic Beverage Commission, and that the appellant's restaurant business, together with the furniture, fixtures and appliances of his tavern business and his property rights therein, exclusive of his said alcoholic beverage permit and the use of such alcoholic beverages, will be damaged by virture of such sale of iced and cooled beer by package liquor store dealers who are competing with the appellant under the

rules and regulations adopted by the Alcoholic Beverage Commission pursuant to the 1935 Alcoholic Beverages Act as amended, and that as a result of such controversy, the rights, status and relationship of the parties to the action are affected.

Appellees (defendants below) subsequently filed their motion for change of venue from Marion County, Indiana, which was granted and the case was venued to the Hamilton Circuit Court.

The Attorney General of Indiana, on behalf of the appellees, filed a verified motion to dismiss the appellant's cause of action for declaratory judgment upon the asserted ground of the lack of jurisdiction over the subject matter of his particular cause. In support of said motion the appellees, in essence, asserted the following grounds which this Court feels are well taken:

1.   That from the filing of the original cause by the appellant in the Superior Court of Marion County to the present time, it has been the appellees-defendants' consistent position that at all times the trial court was without jurisdiction over the said matter of the particular cause of action, purportedly for rendition of a declaratory judgment.

2.   That under the authority of *Indiana Alcoholic Beverage Comm.* v. *Deets* (1962), 133 Ind. App. 444, 179 N. E. 2d 217, and *State ex rel. Harris* v. *Superior Court of Marion County, Rm. 4* (1964), 245 Ind. 339, 197 N. E. 2d 634, the appellant had no property right in his alcoholic beverage permit and his complaint presents no justiciable issue.

On October 15, 1964, the defendants-appellees' Motion to Dismiss was sustained and Legal Paragraph I (the paragraph seeking a declaratory judgment) was dismissed.

The appellant filed his Assignment of Errors as follows:

"The appellant avers that there is manifest error in the judgment and proceedings in this cause, which is prejudicial to appellant, in this:

1.   The court erred in sustaining the appellees' motion to dismiss the appellant's complaint for declaratory judgment.

2.   The court erred in dismissing Legal Paragraph I of the appellant's complaint."

Since substantially the same question was raised by both assignments of error, they were grouped and supported by one argument and will be treated likewise in this appeal.

Admittedly, as appellant contends, the Hamilton Circuit Court has jurisdiction over the general subject matter of declaratory judgments. However, it is also necessary that appellant plead sufficient jurisdictional facts to invoke the jurisdiction of the court over the subject matter in this alleged cause of action.

> "We are safe in saying that in any special statutory proceedings whatever, all jurisdictional averments required by the statute under which the proceeding is based must be contained in the petition or the court in which it is filed, as well as any court to which it may come on change of venue or appeal will be without jurisdiction in the case, except to enter an order dismissing the case." *State ex rel. Ayer v. Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441.

Thus, in an action for declaratory judgment, a special statutory action (see § 3-1101, *et seq.*, Burns' 1946 Replacement), the court's jurisdiction, if invoked, must be by the pleadings before it. If appellant's complaint omits a jurisdictional averment, as required by statute, the court is left without jurisdiction and such omission, being fatal, requires dismissal.

In the *Deets* case, *supra,* this point was alluded to as follows:

> "The Declaratory Judgments Act, § 3-1101, et seq. Burns' 1946 Replacement, affords a statutory action predicated upon the provisions thereof and makes essential, as a basis of jurisdiction, that an actual controversy be presented, that is, a justiciable controversy or question, which is clearly defined and affects the *legal* rights, the *legal* statuses, or the *legal* relationships of the parties having adverse legal interests. * * *."

It must be determined, therefore, whether or not appellant, by his complaint, presented a justiciable controversy which affected his *legal* rights, statuses or relationships with the alleged adverse party herein.

Section 12-443, Burns' 1956 Replacement, in pertinent part provides:

"(a)   No person shall be deemed to have any *property right* in any . . . beer dealer's permit . . . nor shall said *permit itself or the enjoyment thereof* be considered a *property right*.

(b)   All . . . malt beverage retailer's permits shall be issued, suspended, or revoked in the absolute discretion and judgment of the commission. *No court shall have jurisdiction* of any *action,* either at law or in equity to compel the issuance of any such permit, or to *revoke, annul, suspend* or *enjoin* any *action, ruling, finding* or *order* of the commission suspending or revoking any such permit, and the consent of the sovereign state of Indiana is hereby expressly withdrawn and denied in any such action, either at law or in equity. * * *." (Emphasis supplied.)

In the *Harris* case, *supra,* an original proceeding based on the allegations identical to those set forth in Legal Paragraph II of the complaint involved in this appeal, the Superior Court and Judge were prohibited from further exercise of jurisdiction to have the Alcoholic Beverage Commission enjoined from allowing package liquor store dealers to sell iced or cooled beer. The Supreme Court, in holding that the Superior Court had no jurisdiction to issue a restraining order, stated:

"It has heretofore been held by numerous decisions of this court that the issuance of a license or permit to sell intoxicating liquor is an exercise of the police power of the state to protect the public morals, and confers no contract or property right. (Cases cited.)"

The appellant herein, however, asserts that "his said restaurant business, together with the furniture, fixtures and appliances of his tavern business, and his property rights therein, *exclusive* of his said alcoholic beverage permit and the use of such alcoholic beverages, will be damaged by virtue of such sale of iced and cooled beer by package liquor store beer dealers."

Although this Court is aware of some authority to this effect in other jurisdictions, (see *State* v. *Corron,* 73 N.H. 434,

62 A. 1044, 6 Ann. Cas. 486) our Supreme Court in the *Harris* case, *supra,* has taken an opposing view:

"* * * It is quite apparent that were it not for the 'permit' plaintiff below (appellant in the case at bar) would be totally unconcerned with any of the actions of the relators because he would in no wise be subject to any regulation promulgated by relators. * * * He can and does have no interest in the ruling unless his 'permit' would thereby be revoked or suspended, plaintiff's permit not being in any wise involved in the ruling he complains of, plaintiff has no justiciable issue to present, no interest in the matter, and his *actions in instituting the action below amounted only to harassment of the commission and was without merit."* (Emphasis supplied.)

In the case at bar we have a licensee bringing suit against the Commission for a declaration of the rights of a third party licensee under said Bulletin #149. In the *Deets* case, *supra,* an action for a declaratory judgment was instituted by a licensee against the Commission for a declaration " 'of the effect, if any,' of the provisions of Sec. 4, ch. 237, Acts 1941, being § 12-510, Burns' 1956 Replacement, * * * upon the provisions of Sections 1 and 2, ch. 207, Acts 1951, as amended by Sec. 1, ch. 56, Acts 1953, being §§ 12-532 and 12-533, Burns' 1956 Replacement, and for a declaration of the (licensee's) rights, status or other legal relations 'of the parties under the statutes' referred to." Here the *licensee* was seeking a declaration of how *his own rights,* if any, were to be affected and this Court concluded that "no jurisdiction existed in the trial court in this case to entertain the herein declaratory judgment proceeding instituted by appellee."

To reiterate the *Deets* case further, the opinion stated:

"It would seem to follow * * * that there is here presented for determination and declaration no such legal right, legal status or legal relation of the appellee, which is or could be affected by either of the aforementioned statutes, as is made essential for jurisdiction of the court by the Declaratory Judgments Act. * * *."

It is apparent in the instant case that appellant, a licensee, is seeking a declaration of the effect of said Bulletin #149 on a class of licensees of which appellant is not even a member. Thus, if no jurisdiction existed in the trial court in the *Deets* case, *supra,* for a licensee to seek a declaration of *his own rights,* it would logically follow that appellant herein, to an even greater degree, would be absent jurisdiction in the trial court to entertain a declaratory judgment proceeding.

It should be noted that the Supreme Court in *Doyle* v. *Clark* (1942), 220 Ind. 271, 41 N. E. 2d 949, scrutinized § 12-510, *supra,* and declared that the prohibition against the sale of cold beer therein is applicable to a specified class, as enumerated in the statute. These are drug stores, grocery stores and confectionery stores and such businesses of similar nature where the primary business activity is something other than the sale of alcoholic beverages. Obviously package liquor stores would not fall within this classification and we must conclude, therefore, that § 12-510, *supra,* does not prohibit package liquor operators from selling iced or cold beer.

In discussing whether such classification unlawfully discriminates in favor of other permit holders who may dispense iced or cooled beer, the Supreme Court in the *Doyle* case stated:

". . . The Legislature may have concluded that the public welfare would be served and public morals protected by confining, in so far as practicable, the sale of potable beer to places well known to be dispensaries thereof. This may be debatable but we are not judges of legislative policy. It is sufficient that there is reasonable justification for the classification adopted. . . ."

Pursuant to effectuating the purposes of the Alcoholic Beverages Act, the *Deets* case expresses the following:

"We have found no provision of our Alcoholic Beverage Act which limits or denies, either affirmatively or nega-

tively, the authority of the Commission, to which the regulatory powers were delegated by the Legislature, . . . in the exercise of its discretion as to the reasonable requirements for the public health, morals, and safety, to control and regulate the conditions and prohibitory limitations governing the sale of alcoholic malt beverages by package liquor store dealers operating under beer dealers' permits. . . ."

Adherence to administrative and judicial interpretations of legislative enactments without subsequent legislative action dealing specifically with the subject matter so interpreted raises the presumption of legislative acquiescence in said interpretations. *Baker* v. *Compton* (1965), 247 Ind. 39, 211 N. E. 2d 162, 6 Ind. Dec. 663; *Indiana Alcoholic Beverage Commission* v. *Deets, supra.*

We can only conclude, as did the *Deets* case, that "it is passing clear that no jurisdiction resides in the court to attempt, under the cloak of a declaratory judgment, to indirectly interfere with said regulatory control of the Commission over the sale by said permittees of alcoholic malt beverages."

It appears that this case falls within the class of actions characterized by our Supreme Court in the *Harris* case, *supra,* as an action that amounts only to "harassment of the commission" and is without merit. Likewise, this Court now so holds in the case at bar.

Having found no error in the trial court's sustaining of appellee's Motion to Dismiss the appellant's complaint for Declaratory Judgment, and in dismissing Legal Paragraph I of appellant's complaint, the decision of the trial court is affirmed.

Bierly and Hunter, JJ., concur.

Smith, P. J., not participating.

NOTE.—Reported in 212 N. E. 2d 387.