**John T. SHETTLE et al., Appellants (Defendants Below),**

v.

**Timothy McCARTHY, Appellee (Plaintiff Below).**

**John T. SHETTLE et al., Appellants (Defendants Below)**

v.

**Richard O. FINNEY, Appellee (Plaintiff Below).**

**No. 579S139.**

Supreme Court of Indiana.

July 22, 1981.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellants.

William G. Conover, Valparaiso, for appellee Timothy McCarthy.

Lawrence D. Giddings, Peyton & Giddings, Thomas A. Whitsitt, Iddings & Whitsitt, Lebanon, for appellee Richard O. Finney.

PRENTICE, Justice.

These causes have been consolidated because they are both appeals from trial court determinations that declared Ind.Code 10–1–1–4 (Burns 1973)[1] to be unconstitutional. In substance, the statute makes it a misdemeanor for a State Policeman to engage in political activity.

\*    \*    \*    \*    \*    \*

---

1. In pertinent part Ind.Code § 10–1–1–4 (Burns 1973) provides:

"Whoever being an appointee or an employee of the department, including the superintendent, participates in any manner in the activities or interest of any political party or of any candidate for public office or for the nomination therefor, or participates in any manner in any political campaign for the nomination or election of candidates for public office, other than by exerting his official duties and voting at the election, shall be guilty of a misdemeanor and shall be fined in a sum not less than one hundred dollars ($100) nor more than five hundred dollars ($500) to which may be added imprisonment for a period not to exceed six (6) months."

The statute was amended during the pendency of this litigation. Ind.Code § 10–1–1–4(b) (Burns 1981).

## McCARTHY

Appellee, McCarthy, a State Policeman, was informed by his supervisor in November, 1977, that if he declared his candidacy for Porter County Sheriff, he would be subjected to the sanctions of Ind.Code 10–1–1–6 (Burns 1973), which allows the Superintendent of State Police to discharge, demote or temporarily suspend a policeman, who violates any law of the State or any regulation of the department. McCarthy declared his candidacy on February 10, 1978 and filed suit the same day in the Porter Circuit Court seeking declaratory judgment as to the constitutionality of section 10–1–1–4 and an injunction against imposition of the aforementioned sanctions.

On November 6, 1978, the trial court declared section 10–1–1–4 to be unconstitutional and issued a permanent injunction against the appellant.

McCarthy was elected Sheriff of Porter County on November 7, 1978, and resigned from the Police Department on December 1, 1978. He has filed a motion and supporting brief seeking to have the appeal dismissed, as moot, and Appellant has filed no response thereto.

■ Appellee, having resigned from the police department ceased to be subject to the statutes and regulations governing the operation of the department. Accordingly, the issue presented by the appeal from the judgment in his cause is moot.

\*       \*       \*       \*       \*       \*

## FINNEY

Appellee, Finney, is a State Policeman. On February 27, 1978, he declared his candidacy for the office of Parke County Sheriff and filed a complaint challenging the constitutionality of Ind.Code § 10–1–1–4 (Burns 1973), which makes it a misdemeanor for a State Policeman to run for public office. The complaint prayed for declaratory relief and for an injunction against Appellant, Shettle, the Superintendent of State Police, to prevent him " \* \* \* from interfering, directly or indirectly, with the plaintiff's right to run for public office and to further enjoin the defendant, his appointees, agents, servants or employees, from re-assigning the plaintiff outside the Parke County District and from assigning any other duties to Plaintiff, other than Plaintiff's normal duties as an Indiana State Trooper, as a result of Plaintiff's declared candidacy for Sheriff of Parke County, Indiana \* \* \*."

Finney lost the election in November, 1978. On March 8, 1979, the trial court found Ind.Code § 10–1–1–4 to be unconstitutional and enjoined Shettle from enforcing Sections 13(B)(6) and 13(B)(9)[2] of the Indiana State Police Department regulations.

## I.

■■ The trial court's decree that Ind. Code § 10–1–1–4 is unconstitutional must be vacated. Plaintiff's complaint named only one defendant, the Superintendent of State Police. The Superintendent's authority and powers are contained in Ind.Code § 10–1–1–3 et seq. (Burns 1973). Ind.Code § 10–1–1–4 is a penal statute. The Superintendent's powers and authority do not extend to the initiation of criminal prosecutions. Ind.Code § 33–14–1–4 (Burns Supp. 1980); *State ex rel. Powers v. Vigo Circuit Court*, (1957) 236 Ind. 408, 412, 140 N.E.2d 497, 499. Plaintiff's failure to name the appropriate public official as a defendant is fatal to his prayer for declaratory relief. A judicial determination of the constitutionality of Ind.Code § 10–1–1–4 is of no consequence to the defendant named in this suit.[3]

**2.** Section 13:

"B. With regard to personal conduct, an Employee shall:

6. Not hold a political office or position, either elective or appointive, while an active Employee of the Department, except for the appointment as Superintendent, nor shall any Employ-ee participate in any manner in political activity, other than by voting or as provided by law.

9. Submit his written notice of separation to become effective prior to the acceptance of, or the public announcement for, or the filing of candidacy for, public office. \* \* \*."

**3.** Since the plaintiff sued a defendant against whom he has no rights with respect to Ind.

## II.

We turn next to the Department's regulations, sections 13(B)(6) and (9). The Superintendent contends that because the regulations were not pleaded in the complaint, the trial court erred in considering them to be at issue. It was understood by the parties that the purpose of the suit was to enjoin the defendant from taking disciplinary action against Finney. Appellant's authority to discipline is found in Ind.Code § 10–1–1–6 (Burns 1973), which allows for the discharge, demotion or temporary suspension of any employee after the preferring of written charges: "Such charges may be based on any violation of the laws of the state of Indiana, or any violation of the regulations of the department which have been approved by the board." "The Superintendent, with the approval of the board, shall have authority to formulate and adopt and put into effect such rules and regulations for the government of the department as, from time to time, seem fit to him." Ind.Code § 10–1–1–3 (Burns 1973). Thus the Superintendent's power to enact sections 13(B)(6) and (9) does not depend on the existence of Ind.Code § 10–1–1–4.

■ In drafting his complaint, it appears that Finney proceeded under the erroneous assumption that Appellant could not enact 13(B)(6) and (9) without Ind.Code § 10–1–

1–4 as authority.[4] However Ind.Code § 10–1–1–3 makes it clear that the Superintendent's rule making power is not so limited.

■ The only argument in the parties' briefs concerning the regulations is Issue VI, addressed to whether or not they were properly before the trial court. The party challenging the constitutionality of an otherwise valid enactment bears the burden of persuasion in the trial court and on appeal. *See Sidle v. Majors*, (1976) 264 Ind. 206, 209, 341 N.E.2d 763, 766. It is clear from the record that Finney tied the fate of the regulations challenged to the determination of the constitutionality of Ind.Code § 10–1–1–4. Having done so in error, and having presented no independent argument to this Court with respect to the validity of the regulations, *see Cammack v. State*, (1970) 254 Ind. 637, 638–39, 261 N.E.2d 862, 863, he has not sustained his burden. Therefore, Finney's challenge to the regulations must abide his aborted challenge to Ind.Code § 10–1–1–4.

### McCARTHY

The appeal from the judgment of the Porter Circuit Court in the cause of *Timothy E. McCarthy v. John T. Shettle*, Supt., Indiana State Police Department, being Cause No. 78 PSC 286 in said court, is dismissed, as moot.

Code 10–1–1–4, we have no opportunity to determine whether or not such a suit could be maintained under Ind.Code 34–4–10–1 (Burns 1973) (declaratory judgment statute) against the appropriate public official. *See Department of State v. Kroger Grocery & Baking Company*, (1943) 221 Ind. 44, 46, 46 N.E.2d 237, 238 (declaratory judgment determining that party is not subject to provisions of a criminal statute does not bar prosecution for a violation of the statute); *Doyle v. Clark*, (1942) 220 Ind. 271, 274, 41 N.E.2d 949, 951, *appeal dismissed*, (1942) 317 U.S. 590, 63 S.Ct. 52, 87 L.Ed. 483 (declaratory proceeding lies to test the validity of a criminal statute affecting a party's trade, business or occupation; during its pendency the suit does not stay enforcement of the statute).

4. In his opening statement at trial, Plaintiff stated the following:
"Your Honor, this action is brought pursuant to the uniform declaratory judgment act and is a direct constitutional challenge to Indiana Code

10–1–1–4. The statute has changed form since we originally filed our action in this court. It was recently amended by the legislature. On Page 1 of our trial brief we have set out the old version of the statute as well as the amended version. I am not going to dwell on this point as to the conflict of statutes. I think it would be a waste of the Court's time when we go through the wording of the statutes. The plaintiff is asking for a declaratory judgment in that the statute as attacked is unconstitutional and void and a permanent injunction against the *defendant Shettle from continuing any type of disciplinary action against the plaintiff for his decision to become a candidate for public office and also withhold the opportunity of the defendant to pursue any regulations passed by the Indiana State Police Department pursuant to that statute and to use that statute as their authority*." (emphasis added).

FINNEY

The judgment of the Parke Circuit Court in the cause of *Richard O. Finney v. John T. Shuttle*, Supt. Indiana State Police Department, being Cause No. 78 C 46 in said Court, is reversed, and the cause is remanded with instructions to vacate the judgment and dissolve the injunction of March 8, 1979.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.